■ In the Matter of the Estate of CAMILLO FODERA, Also Known as CHARLES FODERA, Deceased. ANTHONY FODERA, Respondent; LEONARD FODERA et al., Appellants. — In a probate proceeding, the appeals are from a decree of the Surrogate's Court, Richmond County (Rubin, S.), dated August 2, 1982, which admitted the decedent's will dated February 5, 1979 to probate. Decree reversed, on the law and in the interest of justice, and matter remitted to the Surrogate's Court, Richmond County, for a new trial, with costs to abide the event. Decedent Camillo Fodera died on March 31, 1979. In June of 1979, a will dated June 4, 1978 was offered for probate by appellant Leonard Fodera. Thereafter, petitioner Anthony Fodera presented a will dated February 5, 1979 for probate. Appellants objected to the admission of the later will to probate, alleging that the date of the will had been altered and that the instrument was a forgery. While it is undisputed that the year on this will was altered from "1971" to "1979", petitioner denied the appellants' claim that the will was signed by the decedent prior to 1977 and was not duly executed on February 5, 1979. Following a trial on this issue, the jury concluded that the will of February 5, 1979 had been duly executed and was not a forgery. In a decree dated August 2, 1982, the will was admitted to probate. The decree is hereby reversed and a new trial is granted. The Surrogate's refusal to admit the translations of the prior will drafts of the decedent, Camillo Fodera, into evidence to enable the jury to compare them to the 1979 will, constituted reversible error. "Where the issue is * * * whether a will was made in a certain *tenor* or *provision* (as where an *alteration* is at issue), the plan or design or prior intention of the testator is relevant to show the doing or not doing of this alleged act, as of any other act" (1 Wigmore, Evidence [3d ed], § 112, p 554; see *Matter of Zalud,* 27 Cal App 3d 945; cf. *Matter of Limberg,* 277 NY 129; *Matter of Putnam,* 257 NY 140). By refusing to permit the translations of the decedent's prior will drafts into evidence, the Surrogate deprived the jury of the opportunity to consider the testator's prior intentions and to contrast the dispositions contained in the instruments with the provisions of the 1979 will. The Surrogate further erred in charging the jury that the burden of proof on the issue of forgery was on the objectants. " 'The correct view * * * is that the onus is cast upon the party who seeks to derive an advantage from an alteration in a will, to adduce some evidence from which a jury may infer that the alteration was made before the will was executed' " (*Matter of Ross,* 177 App Div 719, 721; *Matter of Steffenhagen,* 77 Misc 2d 624, 630). In the instant case, the petitioner, who stands to benefit from the alteration in the will, should have been charged with the burden of establishing that any alteration preceded execution of the will. Counsel for appellants Richard and Charles Fodera requested that the Surrogate charge the jury on circumstantial evidence pursuant to Pattern Jury Instruction 1:70. The Surrogate's refusal to so

charge constituted error. The evidence proffered by appellants was wholly circumstantial in nature. By failing to deliver the requested charge, the Surrogate deprived the jury of the information necessary to enable it to evaluate this evidence. During his summation, counsel for petitioner attempted to persuade the jury to find the 1979 will valid by arousing its prejudices against the method by which the testator disposed of his property in the 1978 will. While this issue was not properly preserved for purposes of appellate review, we address it in the interest of justice, and note that it is not the jury's province "to attempt the unlawful and improper business of making wills for other people" (*Matter of Burnham,* 201 App Div 621, 638). Accordingly, counsel's comments which encouraged the jury to pursue such a course of action were entirely improper. In addition, the Surrogate erred in granting letters of administration to the petitioner. There is no indication whatsoever that the testator intended to have the petitioner act as executor. After reading the will in its entirety it appears that the testator intended to have appellant Leonard Fodera act as representative of his estate. The Surrogate's assertion that Leonard should not be permitted to be the representative of the decedent's estate under a will which he alleges is a forgery is incorrect. The limitations upon eligibility to receive letters of administration are contained in SCPA 707. These grounds for disqualification of an administrator are exclusive (see *Matter of Krasner,* 16 Misc 2d 675, affd 1 AD2d 980). Since none of the stated grounds is applicable to Leonard's attempt to obtain the letters of administration, the Surrogate erred in refusing to grant such letters to him. Thompson, J. P., O'Connor, Weinstein and Bracken, JJ., concur.