■ Rosemary Castagna et al., Appellants, v John E. Flynn, M.D., P. C., et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Lama, J.), entered July 30, 1985, which, upon a jury verdict, is in favor of the defendants and against them.

Ordered that the judgment is affirmed, with costs.

The plaintiffs' theory was that the defendants negligently failed to detect a tumor in Mrs. Castagna's right eye during visits to the defendants' office on March 30, 1976 and June 16, 1977, at a time when it still could have been treated by a form of radiation therapy, and thus removal of the eye on January 26, 1978 would have been avoided. In order to show that the tumor was visible at the time the defendant Dr. John E. Flynn examined her eye in March 1976 and in June 1977, the plaintiff produced Dr. Vivian Boniuk, a medical expert, who

based her opinion on the size of the tumor when it was removed on January 26, 1978, and on the growth rate of such a tumor. Dr. Boniuk testified that, in her expert opinion, the tumor was visible upon a proper eye examination in both March of 1976 and June of 1977 and that it could have been treated by radiation therapy rather than removal. The defendants produced a medical expert who testified that the eye examinations in 1976 and 1977 were properly conducted. Also called by the defense was Dr. Samuel Packer, an expert in choroidal melanomas, the type of eye tumor involved in this case, who testified that even if the tumor had been observed in 1976 and 1977 it could not have been treated by radiation therapy since it was located in close proximity to the optic nerve.

The plaintiffs now argue that the trial court committed reversible error by refusing to charge the jury on the law of circumstantial evidence, thus depriving the jury of a standard necessary to evaluate the evidence *(see, e.g., Matter of Fodera,* 96 AD2d 559)*.* We disagree. The jury heard direct expert opinion evidence that the tumor was visible in 1976 and 1977 and, therefore, a circumstantial evidence charge was unwarranted. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.