■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FRANKLIN, Appellant.—Motion by the People for reargument of an appeal from a judgment of the County Court, Suffolk County, rendered March 27, 1986, which was determined by decision and order (one paper) of this court, dated December 7, 1987 [135 AD2d 558].

Justice Kunzeman has been substituted for former Justice Niehoff (22 NYCRR 670.2 [c]).

Now on the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, the decision and order of this court dated December 7, 1987 is recalled and vacated, and upon reargument, the following is substituted therefor.

Appeal by defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered March 27, 1986, convicting him of burglary in the second degree (two counts),

and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress property seized from him on the ground that his arrest was illegal.

Ordered that the judgment is affirmed.

On Sunday, July 14, 1985, at about 10:15 P.M., Police Officers Bruce Klimecki and James Edmonds responded to a radio run reporting that a burglar alarm had been activated at a certain address in Brentwood. They were a block away and arrived at the location in less than 30 seconds, pulled in the driveway next to the location (a two-story building with a law office) and immediately saw the defendant in the driveway walking toward them and away from the building. The officers exited their car and asked the defendant who he was and why he was there but received no response. Officer Klimecki repeated the question and the defendant replied, "I am not going to say anything to you. I have nothing to say". The defendant had bloodstains on his sweatshirt and as he reached his right hand back to his right rear pocket Klimecki noticed a bulge in that pocket about five inches long and one inch wide. Fearing that the defendant was reaching for a weapon, Klimecki grabbed his hand, felt the bulge which was a hard object, and removed a switchblade knife from the pocket. The defendant was arrested, searched and handcuffed. A flashlight was removed from his waistband, and jewelry, rolls of coins and a pen and pencil set were taken from his pockets.

Upon inspection of the law office, a broken window was discovered and drops of blood on the floor below. While the defendant sat in the back of the patrol car, Barbara and Donald LaBruno arrived on the scene to report that Mrs. LaBruno's sister's house around the corner had been burglarized, and Mrs. LaBruno recognized her sister's jewelry among the property taken from the defendant.

We agree with the hearing court's determination that the police officers' actions were reasonable. The defendant's presence near the scene of a reported crime with bloodstains on his clothing certainly justified an inquiry, and his gesture toward his pocket where the outline of a weapon was observed entitled the police officer to frisk the defendant in order to protect himself (CPL 140.50; *People v De Bour,* 40 NY2d 210, 222-223). Suppression of the property seized from the defendant was, therefore, properly denied.

The defendant *pro se* contends that, pursuant to CPL 300.30

(4), count two of the indictment, charging criminal possession of a weapon in the third degree (a switchblade knife) (Penal Law § 265.02 [1]), is an inclusory concurrent offense of count one of the indictment, burglary in the second degree, predicated on his being armed with the deadly weapon while in immediate flight from the scene of the burglary (Penal Law § 140.25 [1] [a]). This contention is without merit. The crime of criminal possession of a weapon in the third degree under Penal Law § 265.02 (1) is not an inclusory concurrent offense of burglary in the second degree because the former contains an element (the fact that the possessor of the weapon has been "previously convicted of any crime") which is not an element of the latter.

As to both of the burglary charges, we find that the evidence was legally sufficient to support the defendant's conviction (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932), and, furthermore, upon the exercise of our factual review power, we are satisfied that the evidence established his guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We are not persuaded of any sound reason to disturb the sentence imposed. Kunzeman, J. P., Weinstein, Eiber and Harwood, JJ., concur.