■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v FRED GRIFFIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kellam, J.), rendered April 16, 1986, convicting him of burglary in the second degree, petit larceny, criminal possession of stolen property in the third degree, criminal mischief in the fourth degree and criminal possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was apprehended by the police in the complainant's backyard, where a watch belonging to the complainant, together with a small set of screwdrivers, was found on the defendant's person. The rear door to the house and the

window of the rear door had both been broken. The defendant denied ever entering the dwelling itself, maintaining that he had entered onto the premises only to relieve himself and had innocently picked up the watch when it was dropped by another, unknown, person exiting the house.

The defendant's claim that the trial court's instruction to the jury that the defendant's recent and exclusive possession of the fruits of a crime could justify an inference that he was guilty of burglary without an instruction that the jury could infer that the defendant was merely guilty of criminal possession of stolen property constituted error is not preserved for appellate review (CPL 470.05 [2]), and we decline to consider the issue as a matter of discretion in the interest of justice.

Similarly, the claim that two unfounded assertions the prosecutrix made in summation constituted error is also not preserved for appellate review *(People v Medina,* 53 NY2d 951; CPL 470.05 [2]), and we decline to consider this issue as a matter of discretion in the interest of justice.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was sufficient to establish the appellant's guilt of possession of burglar's tools. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.