■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MARRERO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered January 4, 1989, convicting him of grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The testimony adduced at trial established that the defendant sat down next to the complainant on a subway train in Queens County. While the complainant was dozing, he felt his wallet move in the pocket of his jeans. He immediately awoke and observed the defendant jump to his feet. The defendant asked the complainant whether the train was going to Manhattan. When the complainant replied in the negative, the defendant ran off the train. The complainant then observed that his pocket had been slit and his wallet taken. He and his brother ran off the train and pursued the defendant. The defendant got on another eastbound train and the complainant and his brother followed him from car to car. The defendant again got off and on the train, but did not succeed in eluding the brothers who continued to follow him. The complainant asked a conductor to call the police. The defendant then sat down, took the complainant's wallet from his jacket pocket and handed it to the complainant saying: "I picked that up, now you have your wallet back and you didn't lose anything". The complainant took the wallet from the defendant. However, when the train pulled into the Main Street Flushing station and the defendant ran, the complainant, his brother and some other passengers chased him. They surrounded him on the subway platform. At the approach of a police officer the defendant threw a "stack" of newspapers he had been carrying into a garbage can. The arresting officer immediately recovered a "razor knife" from within "the fold" of the newspapers.

Contrary to the defendant's contention, the evidence, with respect to each count of which he was convicted, was direct as well as circumstantial. Therefore, the trial court was correct in refusing to give a circumstantial evidence charge (People v Barnes, 50 NY2d 375, 380).

We have considered the defendant's further contention with respect to the trial court's refusal to charge petit larceny as a lesser included offense of grand larceny in the fourth degree

and find that on the facts of this case, there was no reasonable view of the evidence which would support a finding that the defendant committed petit larceny but not grand larceny in the fourth degree *(see,* CPL 300.50; *People v Glover,* 57 NY2d 61, 64; *People v Green,* 56 NY2d 427). Brown, J. P., Kooper, Eiber and O'Brien, JJ., concur.