■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON PENA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered September 11, 1989, convicting him of burglary in the third degree, petit larceny, criminal mischief in the fourth degree, and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to support his conviction for burglary in the third degree. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant knowingly entered a building unlawfully with intent to com-

mit a crime therein (see, Penal Law § 140.20). The evidence adduced at the trial revealed that upon seeing the defendant emerge from the basement of the building carrying a suitcase, the superintendent began to question him. The defendant threw the suitcase at the superintendant and fled. The superintendent pursued the defendant and the police apprehended him. The workroom which was located in the basement of the building and had been locked one-half hour before the defendant emerged from the basement, had been broken into and was in a state of disarray. The suitcase contained property which had been in the workroom. Such evidence was legally sufficient to establish a prima facie case as to burglary in the third degree and to enable a trier of fact to find the defendant guilty beyond a reasonable doubt (see, People v King, 61 NY2d 550; People v Rosario, 158 AD2d 629; People v Griffin, 142 AD2d 594; People v Franklin, 137 AD2d 710).

Contrary to the defendant's contention, the prosecution's case did not rest solely on circumstantial evidence. The trial court was correct in refusing to give a circumstantial evidence charge (see, People v Ruiz, 52 NY2d 929; People v Marrero, 162 AD2d 720; People v Snyder, 124 AD2d 394). The defendant's contention that the court's instruction to the jury with respect to the elements of the crime of burglary was erroneous is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction (see, People v Thomas, 50 NY2d 467; People v Malave, 114 AD2d 376). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.