■ Louis N. Venditto, Appellant, v Gene J. Doody, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Facelle, J.), dated January 31, 1990, which, upon a jury verdict, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The sole issue raised by the plaintiff on this appeal is the alleged error of the trial court in refusing to charge the jury on circumstantial evidence *(see,* PJI 1:70). We hold that there was no error.

In this action to recover damages for personal injuries

incurred in an automobile accident, only the issue of liability was tried by the jury. The jury's task was to decide if the defendant had been negligent. This determination turned on whether the defendant had crossed over into the plaintiff's lane of travel, thereby causing the collision. The jury heard testimony from each of the parties. It also heard from two eyewitnesses, one of whom had been driving behind the plaintiff, the other behind the defendant. In returning a verdict for the defendant, the jury implicitly found that the defendant had not been on the plaintiff's side of the road.

Notwithstanding that the jury had before it direct evidence from the two parties to the accident and two eyewitnesses, the plaintiff claims that a circumstantial evidence charge was warranted. He contends that because one of the nonparty witnesses testified that debris was found in the plaintiff's lane of travel, the jury, if properly instructed, might have inferred that the collision occurred on the plaintiff's side of the road, indicating that the defendant had in fact crossed over.

However, it is well settled that where parties do not rely on circumstantial evidence alone, a circumstantial evidence charge is not required. This is true in both criminal actions *(see, People v Ruiz,* 52 NY2d 929; *People v Pena,* 176 AD2d 971; *People v Marrero,* 162 AD2d 720) and civil actions *(see, Castagna v Flynn,* 127 AD2d 813; *Matter of Fodera,* 96 AD2d 559). Therefore, the appellant's contention is without merit. Thompson, J. P., Rosenblatt, Miller and Copertino, JJ., concur.