Washington v New York City Tr. Auth. (2019 NY Slip Op 05579)





Washington v New York City Tr. Auth.


2019 NY Slip Op 05579


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-07888
 (Index No. 701517/12)

[*1]Peggy Washington, appellant, 
v
New York City Transit Authority, respondent.


Zalman Schnurman & Miner, P.C. (The Altman Firm PLLC, New York, NY [Michael T. Altman], of counsel), for appellant.
Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered May 16, 2018. The judgment, upon a jury verdict in favor of the defendant on the issue of liability, is in favor of the defendant and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
On April 23, 2012, the plaintiff allegedly slipped and fell in a subway car owned by the defendant. She commenced this action, alleging that the defendant was negligent in maintaining the subway car. At a jury trial on the issue of liability, the plaintiff testified that she slipped on a wet, foamy, gooey substance on the floor of the subway car. The plaintiff requested that a circumstantial evidence charge be given to the jury. The Supreme Court denied the request. The jury found that the defendant was not negligent. The plaintiff appeals from a judgment in favor of the defendant and against her, entered upon the jury verdict, in effect, dismissing the complaint.
Where the evidence is wholly circumstantial in nature, it is error for a court to refuse to charge a jury with a circumstantial evidence charge (see Matter of Fodera , 96 AD2d 559). However, where parties do not rely on circumstantial evidence alone, a circumstantial evidence charge is not required (see Venditto v Doody , 181 AD2d 729, 730; Castagna v John E. Flynn, M.D., P.C. , 127 AD2d 813, 814). Here, the plaintiff testified about what caused her to fall (see Venditto v Doody , 181 AD2d at 729). Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's request for a circumstantial evidence charge.
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court