C.B. v Valley Stream Cent. High Sch. Dist. (2019 NY Slip Op 05509)





C.B. v Valley Stream Cent. High Sch. Dist.


2019 NY Slip Op 05509


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-00507
 (Index No. 8145/11)

[*1]C.B., etc., appellant, 
v
Valley Stream Central High School District, respondent.


Tracy, Stilwell & Parrinello, P.C., Staten Island, NY (John J. Tracy of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Thomas Feinman, J.), dated October 20, 2016. The judgment, upon a jury verdict on the issue of liability, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
On March 25, 2010, C. B. (hereinafter the plaintiff) allegedly was injured when she slipped and fell while participating in a dance during an after-school cultural fair held in the cafeteria of her high school, located within the Valley Stream Central High School District (hereinafter the defendant). In June 2011, the plaintiff, by her father, commenced this action against the defendant. A trial on the issue of liability was conducted, and the jury returned a verdict in favor of the defendant, finding that it was not negligent. The plaintiff appeals from the resulting judgment.
Contrary to the plaintiff's contention, the Supreme Court's instruction to the jury as to the duty owed by the defendant was legally correct (see Benitez v New York City Bd. of Educ., 73 NY2d 650, 656). Additionally, the plaintiff was not entitled to a circumstantial evidence charge because she did not rely on circumstantial evidence alone to establish her case (see Del Rio v Consolidated Edison, Inc., 46 AD3d 741, 742; Venditto v Doody, 181 AD2d 729, 730; Castagna v John E. Flynn, M.D., P.C., 127 AD2d 813, 814). Finally, the plaintiff was not deprived of a fair trial by the conduct of the court in proceeding with the trial after asking the jurors if they had overheard a comment uttered by the court during an off-the-record bench conference and receiving assurances from the jurors that they had not heard the comment. In light of the assurances received from the jurors, the court's decision to proceed did not prejudice the plaintiff's case (see Xiao Yan Chen v Maimonides Med. Ctr., 160 AD3d 686, 687; Coque v Wildflower Estates Devs., Inc., 58 AD3d 44, 56).
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court