■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. KENT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Goodman, J.), rendered September 10, 1985, convicting him of robbery in the first degree, theft of services and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The prosecutor made several remarks during summation which exceeded the bounds of proper advocacy. These statements deprived the defendant of his right to a fair trial.

Firstly, the prosecutor advised the jury: "[The defense attorney] said, 'When [the prosecutor] puts in his case scrutinize it and see if he proved his case beyond a reasonable doubt,' but he can't have his cake and eat it. If he put on a case—and I suggest to you that is exactly what he did—then you have every right in the world, in fact it's your obligation, to scrutinize his case, his witnesses, his evidence, and hold him to the same kind of standard".

Here, the prosecutor improperly shifted the burden of proof by implying that once a defendant puts on witnesses this evidence should be scrutinized under the proof beyond a reasonable doubt standard (see, People v La Susa, 87 AD2d 578).

Additionally, the prosecutor improperly focused on the defendant's failure to testify, with the following comments: "Ladies and gentlemen, it boils down simply to: Who do you believe? The parallel is: You come here and you got two children, two brothers and the cookie jar has been broken into. One brother says, 'John did it', And you go to John and you confront him and you say 'John you got crumbs in your mouth. Someone saw you do it'. And then John says * * * 'I

didn't do it'. But you say 'But somebody saw you. The hand was in the cookie jar. They saw you.' John knows it. He has the presumption of innocence. You want him to come forward".

Although the defense counsel objected to the aforesaid remarks, his objections were overruled.

A defendant's right to remain silent is a fundamental right guaranteed by the Constitution which must not be commented upon by the prosecutor (US Const 5th Amend; CPL 60.15 [2]; *see, People v Conyers,* 49 NY2d 174; *People v Brown,* 91 AD2d 615). Here, the prosecutor's thinly disguised "parallel" sought to convey to the jury the impression that the defendant knew he was guilty or he would have explained his actions. Furthermore, the prosecutor implied that the defendant had an obligation to come forward with proof, or at least an explanation. This was patently improper.

Further, the prosecutor improperly made several comments which denigrated both the defense counsel and the defense *(see, People v Lombardi,* 20 NY2d 266; *People v Jimenez,* 60 AD2d 610).

The prejudice to the defendant was greatly increased by the court's failure to sustain the defendant's objections to the prosecutor's comments. The court, thus, "indicated to the jury 'that there was no impropriety' * * * and with the court's sanction, they [were free to] pursue the line of reasoning suggested by the prosecutor in determining the defendant's guilt" *(People v Ashwal,* 39 NY2d 105, 111).

The prosecutor's inflammatory and prejudicial summation deprived the defendant of his right to a fair and impartial trial and requires reversal of his conviction.

Additionally we note, although it would no longer be relevant upon retrial, that the prosecutor, before his opening statement, should have provided the defense counsel with a copy of the complainant's taped call to a 911 police operator *(see,* CPL 240.45; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866; *People v Perez,* 65 NY2d 154). Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.