■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE SELBY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered July 9, 1987, convicting him of burglary in the second degree, burglary in the third degree, possession of burglar's tools, criminal possession of stolen property in the third degree and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove that the storage room from which goods were taken was a "building" according to Penal Law § 140.00, and that therefore the evidence was legally insufficient to support the burglary convictions. He further contends that the People failed to prove that he intentionally damaged the property of another and that therefore the evidence was legally insufficient to support his conviction for criminal mischief in the fourth degree. Viewing the evidence adduced at the trial in a light most favorable to the prosecution (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish his guilt. Whether or not the storage room was a building is irrelevant, as the evidence supports the conclusion that the defendant had first entered the main building at 175 Crary Avenue unlawfully, and with the intent to commit a crime therein by forcing open the door to the basement where the storage closet was located. In the second incident there was evidence that the defendant had kicked in the paneling in a utility closet in order to gain entry to a doctor's office, thereby intentionally damaging the property of another.

We also find the defendant's Rosario claim as to two police reports to be without merit. The People in this nonjury trial furnished both reports to the defendant prior to the submission of evidence in accordance with CPL 240.45 (1). Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.