■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN STONE, Appellant.—Judgment of the Supreme Court, New York County (Shirley Levittan, J.), rendered on November 15, 1985, convicting defendant, after a jury trial, of two counts of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and grand larceny in the third degree, and sentencing him, as a second violent felony offender, to concurrent indeterminate prison terms of from 8 to 16 years on each of the first degree robbery convictions, 5 to 10 years on the second degree robbery conviction, and from 2 to 4 years on each of the weapon and grand larceny counts, unanimously affirmed.

In this prosecution for a gunpoint robbery of the complainant by the defendant and two accomplices on the corner of 78th Street and West End Avenue in Manhattan in the early morning hours of April 16, 1985, the court below properly denied defendant's motion for a *Wade* hearing where, at the time the motion was made, in June of 1985, the defendant did not comply with the CPL 710.60 (3) (b) requirement, since amended, that he make a showing of proper factual allegations in support of the motion *(People v Roberto H.,* 67 AD2d 549). Moreover, the court properly determined that the complainant's in-court identification of the defendant was not the product of an impermissibly suggestive showup identification, particularly where the four suspects were viewed by the complainant within approximately 25 minutes of the crime on the subway station platform only two blocks away from where

the robbery had occurred, as a result of which, one of the persons viewed was released *(People v Riley,* 70 NY2d 523; *People v Love,* 57 NY2d 1023; *People v Acevedo,* 102 AD2d 336).

Equally devoid of merit is defendant's assertion that the subsequent confirmatory identification by the complainant at the police station house was improper, since the procedure was not conducted in order for the complainant to again identify the defendant, but rather was undertaken because the complainant had expressed reservations concerning whether a third unidentified man was one of her assailants, with the station house identification, in fact, resulting in the prompt release of the third suspect *(People v Morales,* 37 NY2d 262; *People v Vasquez,* 141 AD2d 880, *lv denied* 72 NY2d 1050; *People v Ramos,* 136 AD2d 574).

Finally, the defendant's remaining contention of improper bolstering is not preserved as a matter of law and we therefore decline to reach it. Were we to consider it, however, in the interest of justice, we would nevertheless affirm, finding it to be without merit. Concur—Kupferman, J. P., Asch, Kassal, Ellerin and Wallach, JJ.