■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANNETTE SMITH, Appellant.—Judgment, Supreme Court, Bronx County (William H. Wallace, III, J.), rendered March 16, 1987, which convicted defendant, after a jury trial, of two counts of robbery in the second degree, burglary in the second degree, criminal possession of a weapon in the fourth degree and, upon her plea of guilty, of violation of probation and sentenced her, as a violent predicate felony offender, to concurrent indeterminate terms of from 5 to 10 years' imprisonment on the robbery and burglary convictions, one year for criminal possession of a weapon and one year for violation of probation, unanimously modified, on the law, to the extent of remanding the matter for a new trial on indictment No. 2991/86, and otherwise affirmed.

The defendant and a codefendant, John Washington, were tried together on charges of robbery, burglary and related crimes. After the evidence was heard, but before summations, the trial court replaced one of the jurors, who had failed to report because she had to attend a funeral. This substitution was done without contacting the juror to ascertain her whereabouts and availability. The substitution was made over the objection of both defendant's and codefendant's counsel.

In *People v Washington* (75 NY2d 740), the Court of Appeals reversed Washington's conviction for the reasons stated in the dissenting opinion of Justice John Carro (151 AD2d 384, 385) and ordered a new trial. This decision was based on the trial court's failure to adhere to the proper procedures for discharging a juror. *(See,* CPL 270.35; *People v Page,* 72 NY2d 69, 73.) As the People concede, *People v Washington* is dispositive of the same issue raised by the defendant in this appeal, and thus the judgment of conviction must be vacated, and the case remanded for a new trial.

As to defendant's plea of guilty to violation of probation, it appears she has already served the sentence imposed thereon. However, since such charge was based upon her failure to report and her arrest, indictment and conviction, which is being reversed, in the event defendant is acquitted on her retrial, she should be permitted, if so advised, to withdraw such guilty plea. Concur—Kupferman, J. P., Milonas, Ellerin, Wallach and Rubin, JJ.