■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HUGH WILKINS, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Fertig, J.), dated November 9, 1990, which granted the defendant's motion to set aside a jury verdict convicting him of grand larceny in the fourth degree, and dismissed the indictment.

Ordered that the order is reversed, on the law, the motion is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

Following the theft of the complainant's gold chain and medallion, the complainant, in the company of a fellow cab driver, located the defendant. The police were called and the complainant told them that he knew where the thieves were. The police followed the complainant, who was in his own car. On Bedford Avenue, the complainant pointed out the defendant to the police, and the police stopped him. The complainant confirmed that the defendant was one of the perpetrators, and the defendant was arrested and brought to the station house. After a *Wade* hearing, the court determined that there had been no constitutional violation regarding the identification of the defendant. At the trial, the complainant revealed that approximately one hour after he and the defendant were brought to the precinct, after the defendant had protested his innocence to a desk sergeant, the police had the complainant look in the defendant's cell to see if the defendant was the correct man. The complainant said that he was. The defendant asked to have the complainant's identification testimony stricken based upon the People's failure to serve notice of the police-arranged identification pursuant to CPL 710.30 (1). The court directed the jury to disregard the testimony with respect to the precinct identification but deferred determination as to whether the in-court identification should be suppressed until the conclusion of the trial. After the jury rendered a verdict convicting the defendant of grand larceny in the fourth degree, the trial court granted the defendant's motion, suppressed the complainant's in-court identification testimony, set aside the jury verdict, and dismissed the indictment.

The precinct-house identification procedure employed by the police at bar is not the type of unduly suggestive showup condemned by the Court of Appeals in *People v Riley* (70 NY2d 523). Here, the victim had already identified the defendant spontaneously, and confirmed the identification at a proper on-the-street showup *(see, People v Duuvon,* 77 NY2d 541), both within an hour of the procedure employed at the precinct. Under the circumstances, no danger of an irreparable misidentification existed *(see, People v Cox,* 164 AD2d 779, 780; *People v Nixon,* 162 AD2d 225; *cf., People v Morales,* 37 NY2d 262). The action by the police was appropriate, since the defendant was protesting his innocence to the desk sergeant at the time the complainant arrived at the precinct *(cf., People v Stone,* 157 AD2d 477, 478). Since the purpose of the precinct-house procedure was merely to assure that the proper person had been arrested *(see, People v Morales, supra; People v Sanford,* 184 AD2d 671; *People v Harris,* 171 AD2d 882) the

viewing was not a previous identification within the intendment of CPL 710.30 *(see, People v Gissendanner,* 48 NY2d 543, 552; *cf., People v Rodriguez,* 79 NY2d 445). Therefore, the trial court erred in striking the complainant's in-court identification testimony, setting aside the jury verdict, and dismissing the indictment. Bracken, J. P., Lawrence, Ritter and Copertino, JJ., concur.