■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL TORO, Appellant. [597 NYS2d 100] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appleman, J.), rendered February 25, 1991, convicting him of robbery in the first degree, robbery in the second degree, burglary in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to adduce legally sufficient evidence establishing his identity as one of the gunmen beyond a reasonable doubt is unpreserved for appellate review *(see, People v Logan,* 74 NY2d 859; *People v McNeil,* 183 AD2d 790; *People v Caballero,* 177 AD2d 496). In any event, the defendant's contention is without merit. The record reveals that one of the complainants observed the defendant and spoke with him for almost 20 minutes in illuminated rooms. Another complainant testified that he looked at the defendant for 20 to 25 seconds and had an unobstructed view of him. Both of these complainants made unequivocal in-court identifications of the defendant as one of the robbers.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Mangano, P. J., Bracken, Sullivan and Lawrence, JJ., concur.