THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TORRES, Appellant. [637 NYS2d 214] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Cohen, J.), rendered September 29, 1993, convicting him of robbery in the second degree under Indictment No. 7209/91, upon a jury verdict, and imposing sentence, and (2) two amended judgments of the same court, both rendered December 10, 1993, revoking two sentences of probation previously imposed by the same court (Cohen, J., and Eng, J., respectively), upon a finding that the defendant had violated a

condition thereof, after a hearing, and imposing sentences of imprisonment upon his previous convictions for assault in the third degree under Indictment No. 5584/90 and attempted criminal sale of a controlled substance in the third degree under S.C.I. No. N10164/89. The appeal from the judgment rendered September 29, 1993, brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment rendered September 29, 1993, is reversed, on the law, and a new trial is ordered; and it is further,

Ordered that the amended judgments are affirmed.

The Supreme Court properly determined that the People's failure to include the complainant's identification of the defendant at the police precinct in their CPL 710.30 notice did not require preclusion of all identification testimony (see, People v Simmons, 221 AD2d 484). The precinct identification, which occurred approximately 10 minutes after the complainant had pointed out the defendant on the street, was merely confirmatory (see, People v Branigan, 207 AD2d 459; People v Wilkins, 190 AD2d 874). Further, the court properly concluded that the precinct identification was not unduly suggestive (see, People v Wilkins, supra).

However, several remarks made by the prosecutor during summation, which exceeded the bounds of proper advocacy and improperly shifted the burden of proof, deprived the defendant of his right to a fair trial. The prosecutor's personal attacks on the defense counsel were improper (see, People v Kent, 125 AD2d 590, 591). Moreover, the prosecutor's statements that there was no evidence in the case to indicate that the defendant was elsewhere on the date of the incident and "no other evidence that he was anywhere else except where [the complainant] says he was, robbing her" improperly focused on the defendant's failure to testify and suggested that the defendant had an obligation to come forward with evidence explaining his whereabouts (see, People v Kent, supra, at 591).

The prejudice to the defendant was compounded when, upon overruling the defense counsel's objections and denying her application for a mistrial, the court commented that the argument could be made and it was for the jury to accept or reject it (see, People v Kent, supra, at 591; People v Brown, 91 AD2d 615, 616). While a prompt corrective instruction may have cured the prejudice, the court's subsequent instruction in its final charge did not do so (see, People v Brown, supra, at 615). We do not find the error to be harmless.

In light of our determination, it is unnecessary to address the defendant's remaining contentions regarding the admissibility of certain evidence and the sentence imposed for his conviction of robbery in the second degree.

The prosecutorial misconduct does not, however, require reversal of the amended judgments entered on the defendant's previous convictions for his violation of two sentences of probation. The court held a hearing and made an independent finding that the defendant was guilty of a violation of probation in each of those cases (*compare, People v Clark*, 45 NY2d 432; *People v Smith*, 163 AD2d 210). Because we are reversing the defendant's conviction for robbery in the second degree, it is unnecessary to address his contention that it was unduly harsh to run the concurrent sentences imposed for the two violations of probation consecutive to the sentence imposed on the robbery conviction. The sentences imposed pursuant to the amended judgments were not otherwise excessive (*see, People v Suitte*, 90 AD2d 80). Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.