■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO AGRAMONTE, Appellant. [644 NYS2d 632]

The defendant contends that the judgment of conviction must be reversed because the trial court breached both the directive in CPL 270.30 (2) that the alternate and regular jurors be kept "separate and apart" and the sequestration requirement of CPL 310.10. The defendant's challenge is unpreserved for appellate review as a matter of law *(see, People v Agramonte, 87 NY2d 765, supra)*, and we decline to reach the issue in the exercise of our interest of justice jurisdiction *(see, CPL 470.15 [5], [6])*.

As the People concede, the sentence imposed on the defendant's conviction of robbery in the first degree was illegal, since the crime is not an "armed felony" *(see, People v Frawley, 117 AD2d 613; Penal Law § 160.15 [1]; CPL 1.20 [41])*. Accordingly, we have modified the sentence by reducing the minimum term to one-third, rather than one-half, the maximum term *(see, Penal Law § 70.02 [4])*.

The defendant's remaining contentions are either unpreserved for review *(see, CPL 470.05 [2])* or without merit. Miller, J. P., O'Brien, Joy and Krausman, JJ., concur.