■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER KERSHAW, Appellant. [683 NYS2d 280] —Appeal by the defendant from a judgment of the County Court, Westchester County (Ryan, J.), rendered June 6, 1997, convicting him of robbery in the first degree and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentences of an indeterminate term of 6 to 12 years imprisonment on the conviction of robbery in the first degree and an indeterminate term of $3^{1}/_{2}$ to 7 years imprisonment on the conviction of criminal possession of a weapon in the third degree, to run concurrently with each other.

Ordered that the judgment is modified by reducing the mini-

mum term of imprisonment imposed on the defendant's conviction of criminal possession of a weapon in the third degree from 3½ to 7 years to 2⅓ to 7 years; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we conclude that there is legally sufficient evidence in the record to establish beyond a reasonable doubt both the defendant's identity as the perpetrator of the robbery and the threatened use of a dangerous instrument (*see,* Penal Law § 160.15 [3]; *People v Pena,* 50 NY2d 400, 408, *cert denied* 449 US 1087). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant contends that the complainant should have been precluded from identifying him in court because the People did not serve a CPL 710.30 notice that the complainant had identified him to the Grand Jury from his driver's license photo. We disagree. At the time of the crime, during his hand-to-hand struggle with the complainant, a security guard, the defendant dropped his driver's license. The complainant, who had served as a police officer in the Dominican Republic and as part of his training, was taught to remember the physical characteristics of criminal suspects, retrieved the license and turned it over to the police, informing them that the photograph on the license was that of one of the perpetrators. The complainant reiterated his identification of this photograph both at a preliminary hearing and before the Grand Jury. Accordingly, the complainant's Grand Jury testimony regarding the photograph was merely confirmatory of his prior identifications of the license picture to the police and at the preliminary hearing (*see, People v Branigan,* 207 AD2d 459; *People v Wilkins,* 190 AD2d 874). Furthermore, the complainant's initial identification of the photograph to the police was spontaneous and not arranged by the police. Accordingly, no CPL 710.30 notice was required of the complainant's identification of the defendant's driver's license photograph to the Grand Jury (*see, People v Branigan, supra*; *People v Wilkins, supra*). In any event, the defendant was given pretrial notice of that prior identification as, during discovery, the prosecutor informed defense counsel that "[a]lthough no pictorial ID procedure took place the defendant's photo ID was recovered by the victim who ID'd him to police".

As the People concede, the sentence imposed for the defendant's conviction of criminal possession of a weapon in the

third degree was illegal since that crime is not a violent felony offense. Accordingly, we have modified the sentence by reducing the minimum term to one-third rather than one-half the maximum term (*see,* Penal Law § 70.00 [3] [b]; *People v Agramonte,* 228 AD2d 607).

The sentence imposed on the conviction of robbery in the first degree is not excessive (*see, People v Suitte,* 90 AD3d 80). Miller, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.