■ In the Matter of STATE FARM AUTOMOBILE MUTUAL INSURANCE COMPANY, Appellant, v DULCIE LAURENT et al., Respondents. [691 NYS2d 358] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (Joseph, J.), dated June 17, 1998, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that a stay of arbitration was not warranted due to the petitioner's failure to comply with CPLR 7503 (c), which requires that an application for a stay be made within 20 days of service of the notice or demand to arbitrate (*see, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 307).

Contrary to the petitioner's claim, because an agreement to arbitrate is contained in the policy, the exception to the 20-day time limitation, based on the lack of an agreement to arbitrate, does not apply (*see, Matter of Commerce & Indus Ins. Co. v Nester,* 90 NY2d 255, 263; *see also, Matter of CNA Ins. Co. v Carsley,* 243 AD2d 474).

The petitioner's remaining contentions are without merit.

The respondents' request to impose a sanction is denied. O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO AGRAMONTE, Appellant. [691 NYS2d 892] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 17, 1996 (*People v Agramonte,* 228 AD2d 607), affirming a judgment of the Supreme Court, Kings County, rendered October 15, 1991.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). S. Miller, J. P., O'Brien, Joy and Krausman, JJ., concur.