■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC DAVIS, Appellant. [712 NYS2d 363] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered May 6, 1997, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecution served a bill of particulars on the defendant, asserting that it would show that the defendant's accomplice took the complainant's money, assaulted him, and entered the defendant's car. The bill of particulars further alleged that the defendant then pointed a gun at the complainant as he approached the car. In addition, the prosecution stated in the bill of particulars that it intended to prove that the defendant acted as both an accomplice and a principal. At trial, evidence was introduced that tended to show that the defendant himself took the money from, and then assaulted, the complainant. As a result, the defendant contends that he was prejudiced.

The prosecution, however, properly presented evidence at trial that the defendant robbed and assaulted the complainant, as there is no distinction between the criminal culpability that adheres to one who acts as a principal and one who acts as an accessory (*see, People v Beckett,* 186 AD2d 209). In addition, the defendant was not denied fair notice of the charges against

him, as he received notice from the bill of particulars itself that the prosecution would be introducing evidence tending to establish that he acted as a principal (*see, People v Rivera,* 84 NY2d 766). As a result, the defendant suffered no prejudice, as the evidence adduced at trial established every element of the crimes charged (*see, People v Turner,* 187 AD2d 469).

The defendant's remaining contention is without merit. Ritter, J. P., Sullivan, Florio and Feuerstein, JJ., concur.