■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIANCARLO ALVAREZ, Appellant. [856 NYS2d 111]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered November 20, 2006, as amended December 15, 2006, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree (two counts) and attempted robbery in the first and second degrees,

and sentencing him to an aggregate term of six years, unanimously affirmed.

Defendant's challenges to the admissibility of evidence and to the court's jury instructions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits, except that we find the court's receipt of testimony concerning photographic identifications to be harmless error (see People v Johnson, 32 NY2d 814, 816 [1973]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record, particularly regarding counsel's strategic decisions and the asserted availability of an alibi defense (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defense counsel pursued a reasonable strategy primarily aimed at establishing that the main complainant falsely accused defendant of the robbery after defendant rejected that complainant's sexual advances, and the acts of counsel that defendant challenges on appeal were consistent with that strategy. Furthermore, counsel's alleged errors did not cause defendant any prejudice or compromise his right to a fair trial. Concur—Tom, J.P., Andrias, Nardelli and Williams, JJ.