■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIERRE ARIAS, Appellant. [882 NYS2d 903]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered October 4, 2006, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court's jury charge concerning the defendant acting in

concert with others was proper (*see People v Rivera*, 84 NY2d 766, 769 [1995]; *People v Guidice*, 83 NY2d 630, 636-637 [1994]; *People v Monahan*, 114 AD2d 380, 380-381 [1985]) and did not violate the defendant's due process rights (*see People v Davis*, 273 AD2d 476, 476-477 [2000]).

The defendant's argument that the evidence was legally insufficient to support his convictions in that it did not sufficiently prove his requisite intent to commit the crimes is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.