THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO MAISONETT, Also Known as ANGELO MAISONETTE, Appellant. [883 NYS2d 298]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered August 22, 2007, convicting him of reckless endangerment in the first degree and reckless driving, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of reckless endangerment in the first degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492-493 [2008]; People v Finger, 95 NY2d 894, 895 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant led police on a car chase covering several different highways at speeds of over 90 miles per hour, forcing other cars to pull over to avoid colliding with his car. He proceeded into oncoming traffic, disregarded traffic control devices and stopped only when his vehicle skidded off the roadway (see People v Taberas, 60 AD3d 791 [2009]; People v Wolz, 300 AD2d 606 [2002]; People v Kenney, 288 AD2d 323 [2001]; People v Finger, 266 AD2d 561 [1999]; People v Walker, 258 AD2d 541 [1999]; People v Ruiz, 159 AD2d 656 [1990]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

There is no merit to the defendant's contention that he was denied a fair trial because the prosecutor made improper remarks during his opening statement and summation. The challenged remarks were either permissible rhetorical comment

(*see People v Galloway*, 54 NY2d 396 [1981]; *People v Stiff*, 60 AD3d 1094 [2009]), fair response to the arguments and issues raised by the defense (*see People v Halm*, 81 NY2d 819 [1993]), fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]), cured by the trial court's charge to the jury to which the defendant did not object (*see People v Olds*, 222 AD2d 531 [1995]), or constituted harmless error (*see People v Crimmins*, 36 NY2d 230 [1975]).

The defendant received the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.