■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STARLAND JEAN-MARIE, Appellant. [888 NYS2d 154]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered August 14, 2003, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the identification evidence is unpreserved for appellate review (*see*

CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 492 [2008]; *People v Finger,* 95 NY2d 894, 895 [2000]; *People v Roberts,* 64 AD3d 796 [2009]; *People v Arias,* 64 AD3d 786 [2009]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 348-349 [2007]; *People v Alexis,* 65 AD3d 1160 [2009]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]; *People v David,* 65 AD3d 1163 [2009]; *People v Silberzweig,* 58 AD3d 762 [2009], *lv denied* 12 NY3d 920 [2009]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The discrepancies and inconsistencies between the identification testimony of the complainant and statements in the police reports were properly for the jury to consider (*see People v Calabria,* 3 NY3d 80 [2004]; *People v Stroman,* 60 AD3d 708, *lv denied* 12 NY3d 921 [2009]; *People v Fields,* 28 AD3d 789, 790 [2006]; *People v Almonte,* 23 AD3d 392 [2005]; *People v White,* 192 AD2d 736, 736-737 [1993]). Moreover, the minor discrepancies between the complainant's description of the defendant's height, weight, and clothing and his actual physical appearance were also a proper consideration for the jury (*see People v Colon,* 42 AD3d 549, 550 [2007]; *People v Caballero,* 177 AD2d 496 [1991]). Furthermore, the fact that one of the People's witnesses had an unsavory background and testified pursuant to a cooperation agreement did not render his testimony incredible (*see People v Manley,* 60 AD3d 870 [2009], *lv denied* 12 NY3d 927 [2009]; *People v Adams,* 302 AD2d 601 [2003]; *People v Harris,* 276 AD2d 562, 562-563 [2000]; *People v Alston,* 243 AD2d 573 [1997]).

The defendant was not deprived of his right to a fair trial by the prosecutor's comments during summation. Although the prosecutor's remark regarding defense counsel was improper (*see People v Torres,* 223 AD2d 741, 742 [1996]), any prejudice that may have resulted from the remark was alleviated when the trial court sustained the defendant's objection and provided a curative instruction to the jury (*see People v Warren,* 27 AD3d 496, 498 [2006]).

The defendant's challenges to the prosecutor's remarks on the issue of cross-racial identification were not preserved for appellate review, as defense counsel failed to seek further ameliorative action with respect to those comments after his objections were sustained (*see* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953 [1981]; *People v Gill,* 54 AD3d 965, 966 [2008]; *People v Norman,* 40 AD3d 1130, 1131 [2007]). In any event, the remarks were fair comment upon the evidence and permissive responses to arguments presented in summation by defense counsel (*see People v Halm,* 81 NY2d 819, 821 [1993]; *People v Smalls,* 65 AD3d 708 [2009]; *People v Maisonett,* 64 AD3d 794 [2009]; *People v Pinckney,* 27 AD3d 581, 582 [2006]; *People v Dyer,* 245 AD2d 299 [1997]).

Given the circumstances of this case, any impropriety with respect to the remaining remarks was harmless in light of the overwhelming evidence of the defendant's guilt and the absence of a significant probability that, had the remarks not been made, the defendant would have been acquitted (*see People v Brosnan,* 32 NY2d 254, 262 [1973]; *People v Tucker,* 27 AD3d 592 [2006]).

The defendant's ineffective assistance of counsel claims are not reviewable on direct appeal because they involve matter outside the record (*see People v Madrid,* 52 AD3d 532, 533 [2008]; *People v Alvarez,* 51 AD3d 470 [2008]; *People v Staropoli,* 49 AD3d 568, 568-569 [2008]; *People v Haynes,* 39 AD3d 562, 564 [2007]; *People v Gillespie,* 36 AD3d 626, 627 [2007]; *People v Zimmerman,* 309 AD2d 824 [2003]; *People v Boyd,* 244 AD2d 497 [1997]). Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.