■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA HARLEY, Appellant. [905 NYS2d 617]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J.), rendered September 18, 2008, convicting her of attempted aggravated assault on a police officer, assault in the second degree (three counts), reckless endangerment in the first degree, resisting arrest, aggravated unlicensed operation of a motor vehicle in the second degree, reckless driving, operating a motor vehicle without financial security, speeding, failure to obey a police officer, overtaking on the right, crossing over official markings, failing to stay in designated lane, driving on the shoulder or slope of the roadway, and obstructing governmental administration in the second degree, upon a jury trial, and imposing sentence.

Ordered that the judgment is affirmed.

On June 27, 2006, the defendant drove 120 miles per hour

eastbound on the Long Island Expressway (hereinafter the Expressway) from near Exit 33 to near Exit 66. She was weaving in and around other vehicles, driving from one shoulder to the other, and making sharp apparently intentional turns toward other vehicles, which caused an estimated 24 to 30 other motorists to take evasive measures. The police commenced pursuit, and any time a police vehicle neared the defendant's vehicle, she would turn toward it as though she were trying to force it off the road.

Upon hearing of the pursuit in progress Police Officer Matthew Decoteau went to the Expressway, retrieved from his trunk a set of "stop sticks," and threw them onto the roadway just before the defendant's vehicle passed. Two of her tires were impacted, and the defendant slowed, but continued on. Officer Decoteau sped ahead, got out of his vehicle, and again deployed the stop sticks. He was standing to the left side of the road, about 10 feet away from the stop sticks, holding onto the retrieval string. As the defendant neared, she turned her car to the left at Officer Decoteau. He jumped out of the way. One of the defendant's tires struck the stop sticks, and she straightened her vehicle back onto the Expressway. The defendant drove approximately 100 more feet, and then her vehicle went across the grassy median and the three westbound lanes of the Expressway before hitting a guardrail and coming to a stop.

When the police approached the defendant's vehicle, all of the windows were up, the doors were locked, and the defendant had "The Club," a steering wheel locking device, in her hands. One of the officers smashed the passenger side window and attempted to unlock the door. The defendant struck him in the hand with "The Club." She struck two other officers with "The Club" before they were able to disarm her, pull her from the vehicle, and arrest her.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of attempted aggravated assault upon a police officer (see Penal Law §§ 110.00, 120.11), three counts of assault in the second degree (see Penal Law § 120.05 [3]), and reckless endangerment in the first degree (see Penal Law § 120.25; People v Maisonett, 64 AD3d 794 [2009]; People v Mooney, 62 AD3d 725, 725-726 [2009]; People v Taberas, 60 AD3d 791, 792 [2009]; People v Wolz, 300 AD2d 606 [2002]) beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord

great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]). Contrary to the defendant's contention, the evidence established that she was still in control of her vehicle when it turned toward Officer Decoteau. In addition, the testimony of all three of the injured officers established that the pain suffered by each was "substantial" (*see People v Chiddick*, 8 NY3d 445, 447 [2007]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Miller, Chambers and Lott, JJ., concur.