■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BELTON, Appellant. [38 NYS3d 621]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered September 23, 2014, convicting him of robbery in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Riviezzo, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

At a suppression hearing, a police officer testified that, as he

was driving a marked police car, a civilian flagged him down and informed him that a woman was being robbed. As the civilian told him this, the officer saw a distressed woman (hereinafter the complainant) being "bear hugged" from behind by a man whom the officer identified as the defendant. As the officer got out of the car and approached, the defendant ran. The complainant screamed and pointed in the direction that the defendant was running. The officer chased the defendant for three or four blocks, while never losing sight of him, before arresting him. Later, at the police station, the complainant identified the defendant as the man who robbed her.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the complainant's identification of the defendant at the police station. The officer testified that he never lost sight of the defendant from the time the complainant initially identified him until the officer apprehended him. Accordingly, the evidence supported the court's determination that the complainant's subsequent identification at the precinct was merely confirmatory of her initial identification, and that the defendant was thus not subjected to an impermissibly suggestive identification procedure (*see People v Dixon*, 85 NY2d 218, 223-224 [1995]; *People v Benjamin*, 2 AD3d 740, 741 [2003]; *People v Torres*, 223 AD2d 741, 742 [1996]; *People v Wilkins*, 190 AD2d 874, 875 [1993]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Dickerson, Cohen and Brathwaite Nelson, JJ., concur.