People v Benn (2019 NY Slip Op 08204)





People v Benn


2019 NY Slip Op 08204


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2015-01698
 (Ind. No. 937/13)

[*1]The People of the State of New York, respondent,
v
Sherwin Benn, appellant.


Paul Skip Laisure, New York, NY (Ava C. Page of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Josette Simmons McGhee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered February 11, 2015, convicting him of burglary in the second degree, possession of burglar's tools, criminal mischief in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Deborah Stevens Modica, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony. "Showup procedures, although generally disfavored, are permissible where employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification" (People v Castro, 149 AD3d 862, 863; see People v Huerta, 141 AD3d 602, 602). While the defendant bears the ultimate burden of proving that a showup procedure is unduly suggestive and subject to suppression, "the People have the initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in a pretrial identification procedure" (People v Chipp, 75 NY2d 327, 335; see People v Ortiz, 90 NY2d 533, 537; People v Riley, 70 NY2d 523, 531). "The People's burden consists of two elements" (People v Ward, 116 AD3d 989, 991). First, "the People must demonstrate that the showup was reasonable under the circumstances" (People v Ortiz, 90 NY2d at 537). "Proof that the showup was conducted in close geographic and temporal proximity to the crime will generally satisfy this element of the People's burden" (id.). Second, the People must produce "some evidence relating to the showup itself, in order to demonstrate that the procedure was not unduly suggestive" (id.; see People v Ward, 116 AD3d at 991; People v Calero, 105 AD3d 864, 864).
Here, the People presented evidence that the complainant identified the defendant while the complainant was riding in a vehicle with police officers who were canvassing the area shortly after the crime occurred. The People's evidence showed that the identification occurred without prompting by the police officers and within a few blocks of the location of the alleged crime. [*2]The evidence presented by the People satisfied their initial burden of establishing that the showup identification procedure was reasonable under the circumstances and was not unduly suggestive (see People v Huerta, 141 AD3d at 603; People v Jerry, 126 AD3d 1001, 1002; People v Ervin, 118 AD3d 910, 911). The defendant, in turn, failed to satisfy his ultimate burden of proving that the showup identification procedure was unduly suggestive and subject to suppression. Contrary to the defendant's contention, the evidence at the hearing demonstrated that the complainant's subsequent identification of the defendant, which occurred once the defendant had been apprehended after a brief foot chase, was merely confirmatory of the initial identification that had occurred approximately four minutes earlier (see People v Belton, 143 AD3d 835, 836; People v Benjamin, 2 AD3d 740, 741; People v Torres, 223 AD2d 741, 742; People v Stewart, 144 AD2d 601, 601; People v Vasquez, 141 AD2d 880, 881).
As the defendant concedes, his contention that the People failed to prove beyond a reasonable doubt that he knowingly entered a dwelling unlawfully is unpreserved for appellate review inasmuch as the defendant failed to move for a trial order of dismissal on the basis of that specific claim (see People v Hawkins, 11 NY3d 484, 492; People v Williams, 171 AD3d 1223). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant knowingly entered or remained unlawfully in a dwelling (see Penal Law 140.25[2]). Contrary to the defendant's contention, the testimony at trial was sufficient to establish that access to the common area of the apartment building, which the defendant had entered, was restricted to tenants and not open to the general public (see People v Barnes, 26 NY3d 986, 989; People v McCray, 23 NY3d 621, 630; People v Selby, 146 AD2d 655, 655; cf. People v Huggins, 134 AD3d 854, 855; People v Maisonet, 304 AD2d 674, 675). Moreover, the evidence was sufficient to demonstrate that the defendant knowingly entered a locked storage room, which was a separately secured area within the dwelling and therefore constituted a "separate building" for the purposes of the statute (Penal Law § 140.00[2]; see People v Felder, 2 AD3d 365, 365; People v Pena, 176 AD2d 971, 972; see also People v McCray, 23 NY2d at 624).
The defendant also contends that the People did not present legally sufficient evidence with respect to his identity as the perpetrator of the crimes of which he was convicted. This contention is unpreserved for appellate review, as the defendant failed to move for a trial order of dismissal on the basis of that specific claim (see People v Hawkins, 11 NY3d at 492; People v Williams, 171 AD3d 1223). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d at 621), we find that it was legally sufficient to establish the defendant's identity as the perpetrator of these crimes beyond a reasonable doubt (see People v Williams, 171 AD3d 1223; People v Lancaster, 166 AD3d 807, 808-809).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The complainant testified that he looked at the defendant for 30 to 40 seconds from a close distance in well-lit conditions when he first encountered the defendant in the apartment building, and the complainant's in-court identification of the defendant as the burglar was unequivocal (see People v Antonelli, 6 AD3d 543, 543; People v Toro, 192 AD2d 685, 685). We see no reason to disturb the jury's resolution of the discrepancies and inconsistencies between the identification testimony of the complainant and his statements to the police (see People v Reid, 82 AD3d 1268, 1269; People v Jean-Marie, 67 AD3d 704, 704; People v Monroe, 30 AD3d 616, 618).
The defendant's contention that certain comments made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review, as the defendant failed to raise any objections during the prosecutor's summation (see CPL 470.05[2]; People v Katehis, 117 AD3d 1080, 1081). In any event, although some of the prosecutor's remarks were improper (see e.g. People v Ross, 112 AD3d 972, 973), those remarks did not deprive the defendant of a fair trial, [*3]and any other error in this regard does not require reversal under the circumstances (see People v Crimmins, 36 NY2d 239, 242; People v Affser, 309 AD2d 812, 813).
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court