■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL L. SCANLON, Appellant. [648 NYS2d 416] —Judgment unanimously affirmed. Memorandum: Defendant contends that

the prosecutor improperly required defendant's wife, as part of her plea agreement, to promise not to testify at defendant's trial, thus depriving him of the possibly exculpatory testimony of a co-defendant (*see, People v Turner,* 45 AD2d 749). We disagree. During the plea allocution of defendant's wife, the prosecutor had her reaffirm her prior sworn testimony so that, if she were called to testify at defendant's trial, she would be constrained to testify consistently with the statement she gave to police.

County Court properly refused to admit prior statements of defendant's wife into evidence as declarations against penal interest because it was never established that she was unavailable as a witness at trial (*see, People v Settles,* 46 NY2d 154, 167).

The court did not err in allowing testimony of prior uncharged crimes. The testimony was admitted to prove defendant's intent to commit the crimes charged (*see, People v Alvino,* 71 NY2d 233).

Defendant's contention that the prosecutor improperly failed to produce *Rosario* and *Brady* material is unpreserved for our review (*see,* CPL 470.05 [2]) and in any event is without merit.

We have reviewed the contention raised in defendant's *pro se* supplemental brief and conclude that it is without merit. (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.