■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK COLEMAN, Appellant. [653 NYS2d 423] —Mikoll, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered March 1, 1995, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and criminal use of a firearm in the first degree.

Defendant was convicted on March 15, 1993 of the shooting of Virginia Jackson in the City of Troy, Rensselaer County, and sentenced after a jury trial to concurrent terms of imprisonment of 8$^{1}$/$_{3}$ to 25 years on the attempted murder conviction and 12$^{1}$/$_{2}$ to 25 years on the criminal use of a firearm conviction.

Defendant raises the following issues on appeal as grounds for reversal: the denial of effective assistance of counsel, improper admission of expert testimony regarding gunshot residue found on defendant, a coercive and suggestive *Allen* charge and improper sentencing.

As to the first allegation of error, we find that the record reveals that defense counsel rendered meaningful representation to defendant. He adequately cross-examined witnesses, made appropriate objections and rendered an effective summation. We find that the constitutional requirement for effective assistance of counsel was met (*see, People v Rivera,* 71 NY2d 705, 708).

During trial, testimony was offered by the People's expert that gunshot residue was found on defendant's hands. Defendant contends that it was error to allow the People to offer such testimony in view of testimony by the People's expert who said that evidence of who fired the gun which wounded the victim was inconclusive. In view of the fact that the victim identified defendant as the one who shot her, the evidence of some residue on defendant's hands was probative of the crime charged and appropriately admitted by County Court.

Defendant next objects to the *Allen* charge given to the jury as coercive and suggestive based not only on its substance, but when taken into consideration with the number of hours the jury was deliberating when it was given. Since defendant did not preserve the issue by any objection, we deem the objection waived and decline to consider the matter (*see,* CPL 470.05 [2]; *People v Johnson,* 213 AD2d 791, 793, *lv denied* 85 NY2d 975). We do note, however, that the *Allen* charge was not intrinsically flawed, nor were the hours the jury deliberated so long as to have a coercive effect.

We reject defendant's objection to the application of Penal Law § 70.02 (4) at defendant's sentencing. He urges that the

indictment failed to comply with CPL 200.50, which requires that an indictment for an armed felony be denoted as such indictment before Penal Law § 70.02 (4) is implicated. The language of the instant indictment clearly gives defendant sufficient notice that he was being charged with an armed felony. Defendant was thus not deprived of his due process rights by application of Penal Law § 70.02 (4) to the sentence.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.