■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY R. GIORDANO, Appellant. [711 NYS2d 557] —Mugglin, J. Appeal from a judgment of the County Court of Montgomery County (Sise, J.), rendered December 7, 1998, upon a verdict convicting defendant of the crimes of robbery in the second degree, grand larceny in the third degree, menacing in the second degree and harassment in the second degree.

Defendant appeals from a judgment of conviction stemming from the forcible theft of money from an Off Track Betting parlor in the Village of Fort Plain, Montgomery County. Although defendant raises numerous grounds for reversal of the judgment of conviction, since the conviction must be reversed due to a *Rosario* violation only the following issues need to be specifically addressed.

First, defendant's argument that County Court improperly allowed an amendment to the indictment is unpersuasive. The amendment of an indictment is specifically authorized when the proposed amendment relates to "matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury" (CPL 200.70

[1]). On the other hand, amendment of an indictment which fails to charge or state an offense is absolutely prohibited (*see*, CPL 200.70 [2]). Here, defendant moved for dismissal of the first count of the indictment since that count failed to specify whether the charged crime was an armed felony and failed to specifically delineate the weapon displayed by defendant. The People cross-moved for leave to amend the indictment by replacing the phrase "he displayed what appeared to be a pistol, revolver, rifle, shotgun, machine gun, or other firearm" with the phrase "he displayed what appeared to be a pistol or revolver", and by adding the sentence, "This offense is an armed felony." Since the proposed amendment did not change the theory of the prosecution's case or prejudice defendant in any way, amendment was properly granted (*see*, *People v Coleman*, 235 AD2d 928, 929, *lv denied* 89 NY2d 1033).

Second, there is no merit to defendant's contention that he was never served with notice of Grand Jury proceedings as required by CPL 190.50 (5) (a). At a pretrial hearing, the People produced a Deputy Sheriff who testified that he had served the required notice on defendant while he was in the Montgomery County Jail. Deciding the issue of credibility in favor of the Deputy Sheriff, County Court found that the notice had been timely served. Since deference is accorded to the determinations of the trial court with respect to issues of credibility and finding no substantial basis to conclude otherwise, we find no error in County Court's determination.

Third, defendant contends that the failure of the prosecutor to turn over police blotter entries and statements made by the testifying police officers who participated in the pursuit and arrest of defendant constituted a violation of the *Rosario** rule requiring reversal of the conviction and a new trial. This rule, in essence, is a discovery rule that requires a prosecutor to supply defense counsel with all of the nonconfidential pretrial statements, recorded or written, of a prosecution witness that relate to the subject matter of his or her trial testimony. The purpose of the rule is to give the defendant "a fair opportunity to cross-examine the People's witnesses at trial" (*People v Poole*, 48 NY2d 144, 149). The failure to produce *Rosario* material "constitutes per se error requiring that the conviction be reversed and a new trial ordered" (*People v Ranghelle*, 69 NY2d 56, 63). The harmless error analysis is inapplicable to cases where the nature of the *Rosario* violation is a complete failure to deliver the materials, the rationale being that the relevancy of *Rosario* material should be determined by defense counsel,

---

* *See*, *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866).

not by the prosecutor or the courts (*see, People v Jones*, 70 NY2d 547, 550-553; *People v Perez*, 65 NY2d 154, 160).

Upon review of the record, we do not find, as urged by the People, that any of the exceptions summarized in *People v Banch* (80 NY2d 610, 616-617) is applicable to excuse the People's failure to produce the *Rosario* material. In particular, the appendix to defendant's brief contains 12 pages of blotter entries and pretrial statements made by testifying police officers which were admittedly not produced pursuant to defendant's *Rosario* demand. The People's argument that the suppression hearing testimony of the officers who made these entries and statements is the duplicative equivalent of such is not supported by the record when objectively reviewed pursuant to the holding in *People v Young* (79 NY2d 365, 369-370).

Moreover, contrary to the People's argument, defendant need not demonstrate prejudice since the issue here is neither failure to preserve *Rosario* material (*see, People v Joseph*, 86 NY2d 565, 571) nor delay in producing it (*see, People v Ranghelle, supra; see also, People v Banch, supra*, at 617). Also unpersuasive is the People's argument that since appellate counsel obtained the undisclosed material using a Freedom of Information Law request, that such materials were in the public domain and therefore did not constitute *Rosario* material. The burden of locating and producing prior statements is on the People (*see, People v Rosario*, 9 NY2d 286, 290, *cert denied* 368 US 866, *supra*); there is no obligation on defense counsel to discover and subpoena documents (*see, e.g., People v Ranghelle, supra*, at 64).

Finally, there is no merit to defendant's contention that reversible error occurred when County Court failed to properly charge the jury with preliminary instructions pursuant to CPL 270.40 since the record reveals the charge to have been adequately given, and no error was committed by County Court in admitting defendant's hospital records for the limited purpose of showing the location of the injuries on defendant's right cheek and lower lip. The physician/patient privilege asserted by defendant for the first time on appeal is inapplicable to observable conditions. We have examined defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Montgomery County for a new trial.