■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BROME, Appellant. [719 NYS2d 155] —Lahtinen, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered December 22, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of

marihuana in the second degree, conspiracy in the fifth degree and criminal facilitation in the fourth degree.

Defendant was indicted by a Grand Jury which charged him with one count each of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of marihuana in the second degree, conspiracy in the second degree and criminal facilitation in the second degree. The charges stemmed from his arrest on May 20, 1999 while a passenger in a vehicle owned and operated by Danielle Cooke, a person who had been under police surveillance for a period of time on suspicion of selling drugs. Cooke's vehicle was stopped pursuant to a warrant issued by County Court upon suspicion that Cooke and defendant had traveled to New York City to purchase drugs, and a search of the vehicle's trunk revealed a large quantity of marihuana and over nine ounces of cocaine found in the pocket of a jacket. Defendant's motion to suppress this evidence was denied after a hearing, County Court concluding that defendant did not have standing to challenge the police action as a passenger in Cooke's vehicle.

In response to defendant's other motions and discovery demands the People provided, *inter alia*, voluminous records and tapes of the surveillance conducted by the police on Cooke. After a jury trial defendant was convicted on the first three counts as charged and of lesser included crimes on counts 4 and 5 of the indictment.

A week after his conviction the People provided defendant with 45 pages of additional discovery materials which they had discovered while preparing Cooke's case for trial. Defendant moved to vacate his conviction (*see*, CPL 330.30 [1]) on the ground that the People had failed to turn over the now furnished documents, arguing that those documents constituted *Rosario* material and that automatic reversal of his conviction and a new trial was required pursuant to *People v Ranghelle* (69 NY2d 56). The People opposed the motion and County Court denied the motion and affirmed defendant's conviction. Sentenced to an indeterminate prison term of 15 years to life on his conviction for criminal possession of a controlled substance in the first degree and concurrent lesser prison terms for his other convictions, defendant now appeals.

Defendant raises numerous grounds for reversal of the judgment of conviction on this appeal, but since we hold that the conviction must be reversed because of the *Rosario* violation, we need only address that issue.

Defendant argues that the failure of the People to timely dis-

close the 45 pages of surveillance reports and photographs furnished to him a week after his conviction deprived him of *Rosario* material, requiring that his conviction be reversed pursuant to the "per se" reversal rule established by the Court of Appeals in *People v Ranghelle (supra)*. Under *Rosario*, the People are required to "supply defense counsel with all of the nonconfidential pretrial statements, recorded or written, of a prosecution witness that relate to the subject matter of his or her trial testimony" (*People v Giordano*, 274 AD2d 748, 749) and the failure to do so is not subject to a harmless error analysis (*see, People v Jones*, 70 NY2d 547). The People argue that the newly provided materials do not relate to the testimony of any of their witnesses (as was found by County Court in its decision denying defendant's motion to set aside his conviction on this issue) and that the materials provided were "duplicative equivalents" (*see, People v Consolazio*, 40 NY2d 446, *cert denied* 433 US 914) of materials previously furnished to defense counsel, a recognized exception to the per se reversal rule (*see, People v Banch*, 80 NY2d 610, 616-617; *People v Consolazio, supra*, at 454).

Our review of the record, including the voluminous materials furnished to the defense by the People prior to trial and provided to County Court in opposition to defendant's motion, does not lead us to conclude that the materials are duplicative equivalents of any previously furnished documents nor beyond the scope of the direct testimony of the police officers in what the People's brief characterizes as the People's "very narrow case."

In *People v Young* (79 NY2d 365), the Court of Appeals reiterated that materials such as those at issue here are subject to a " 'strong presumption of * * * discoverability' " and the duplicative equivalent exception to the per se reversal rule "has been narrowly circumscribed" (*id.*, at 369). The newly furnished 45 pages appear to be new and different evidence and the People's argument that they are duplicative equivalents, because the erasures could be gleaned by the defense from the actual tapes of recorded conversations by comparing the call logs, must be rejected. The report numbers are different, the page numbers on the reports are not found in the materials furnished to the defense prior to trial and contain for the first time information regarding the erasure of crucial surveillance tapes of Cooke recorded the night before defendant and Cooke left for New York City to pick up the drugs that were found in the vehicle at the time they were arrested.

Since it appears that the theory of the defense was to cast

blame on Cooke, that information would have been useful to the defense for cross-examination of the officers who prepared the reports when they testified at defendant's trial regarding the surveillance of Cooke. Furthermore, the relevancy and use of those documents is not to be determined by the People or the courts, but by counsel for the defense (*see, People v Jones, supra,* at 550-553). As none of the exceptions to the per se reversal rule\* of *People v Ranghelle* (*supra*) are found to exist in this record, defendant's conviction must be reversed and the case remitted to County Court for a new trial.

We decline to address defendant's other points raised on appeal, as they have either been rendered academic by the vacatur of defendant's conviction or involve challenges to evidentiary rulings of County Court, which rulings are normally not binding on the court upon a new trial (*see, People v Evans,* 94 NY2d 499, 504; *People v Malizia,* 62 NY2d 755, 758, *cert denied* 469 US 932).

Cardona, P. J., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Tompkins County for a new trial.

---

\* The People point out this rule has been legislatively abrogated in the Sexual Assault Reform Act (L 2000, ch 1, § 48) which added CPL 240.75, which provides that a defendant must demonstrate a reasonable possibility that the nondisclosure of requested materials contributed to the result of the trial. That statute is not effective until February 1, 2001 (L 2000, ch 1, § 57).