■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY B. LATOUR, Appellant. [783 NYS2d 429]—

Rose, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered September 12, 2001, upon a verdict convicting defendant of the crimes of forgery in the second degree (four counts) and offering a false instrument for filing in the first degree (two counts).

Following a jury trial, defendant was found guilty of multiple counts of forgery and offering a false instrument for filing based upon evidence that he used the name, birth certificate and pedigree information of a deceased child, Edward J. Sweeney, in applying for and obtaining a passport, driver's license, Social Security card and other official documentation in the name of Edward J. Sweeney-Canny. These documents allowed defendant to conceal his past criminal record and avoid a suspended driver's license under his real name. Sentenced to concurrent, prison terms of 3 to 6 years on the counts of forgery in the second degree and 1½ to 3 years on the counts of offering a false instrument for filing in the first degree, defendant now appeals.

Defendant argues that there is no jurisdictional basis for his prosecution in Warren County for the three counts of the indictment that are based upon his applications for a driver's license and vehicle registration in Washington County. We disagree. CPL 20.40 (2) (c) confers jurisdiction in a county where the offending conduct "had, or was likely to have, a particular effect upon such county." Because defendant employed the documenta-

tion obtained under the assumed name to unlawfully operate a motor vehicle in Warren County, where he permanently resided, and he presented it to a Warren County Sheriff's Deputy in an effort to thwart his arrest for unlicensed operation there, his conduct had a "particular effect" in Warren County by producing "a materially harmful impact upon the governmental processes or community welfare" (CPL 20.10 [4]; *see Matter of Taub v Altman*, 1 AD3d 109, 111 [2003], *lv denied* 1 NY3d 507 [2004]; *People v Sandy*, 236 AD2d 104, 114-115 [1997], *lv denied* 91 NY2d 977 [1998]).

Defendant next contends that County Court improperly allowed amendment of the indictment's first count of forgery because the change permitted the prosecution to prove that he acted with intent to deceive in addition to the originally charged intent to defraud. Inasmuch as this amendment only made the charge conform more closely to the conduct proscribed in Penal Law § 170.10 (2), it "[did] not change the prosecution's theory, tend to prejudice the defendant on the merits or violate the specific prohibitions of CPL 200.70 (2)" (*People v Grimes*, 301 AD2d 953, 954 [2003], *lv denied* 99 NY2d 654 [2003]).

Defendant also contends that he was not properly sentenced as a second felony offender under Penal Law § 70.06 because a prior conviction in Vermont listed in an uncertified document before County Court referenced conduct involving the possession of marihuana that constitutes a felony in Vermont (*see* 18 Ver Stat Ann § 4230 [a] [2]), but, allegedly, only a misdemeanor in New York. While it is true that this particular conviction was set forth only in an uncertified requisition for criminal records, the prosecution also presented a certified record of defendant's conviction for another offense clearly constituting a felony under the laws of both Vermont and New York (*see* 18 Ver Stat Ann § 4230 [a] [3]; Penal Law § 221.25), and County Court correctly determined that the requisite predicate felony existed for defendant's sentencing as a second felony offender (*see People v Coager*, 266 AD2d 645, 647 [1999], *lv denied* 94 NY2d 917 [2000]).

We have considered defendant's remaining arguments and find them to be without merit.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.