■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTONIO WARREN, Appellant. [812 NYS2d 569]—

Appeal by the defendant from two judgments of the County Court, Suffolk County (Hinrichs, J.), both rendered October 28, 2003, convicting him of manslaughter in the first degree, gang assault in the first degree, assault in the first degree, and assault in the third degree (two counts), under indictment No. 2231C/01, upon a jury verdict, and attempted promoting prison contraband in the first degree, under indictment No. 1508/02, upon his plea of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

The defendant's contention that the prosecutor improperly bolstered the testimony of the People's witnesses on redirect examination is without merit. "[W]here cross-examination raises the inference that the witness' testimony was the product of a recent fabrication, a party on redirect can refute this allegation either by introducing consistent statements made by the witness at a time when there was no motive to lie or by having the witness explain why the information was not disclosed earlier" (*People v Melendez*, 55 NY2d 445, 451 [1982]).

The County Court did not err in denying suppression of testimony regarding a showup identification that occurred shortly after the defendant's apprehension. The showup took place in close geographical and temporal proximity to the commission of the crime (*see People v Duuvon*, 77 NY2d 541, 543 [1991]), and was not unduly suggestive (*see People v Loo*, 14 AD3d 716 [2005]; *People v Fox*, 11 AD3d 709 [2004]; *People v Slade*, 174 AD2d 639 [1991]; *cf. People v Ford*, 100 AD2d 941, 943 [1984]).

The defendant was not denied his right to a fair trial by a

plea agreement between the prosecution and a codefendant in which the codefendant agreed not to testify on behalf of the defendant. The codefendant's allocution demonstrated that his testimony would not have exculpated the defendant (*see People v Scanlon*, 231 AD2d 852, 853 [1996]; *cf. People v Turner*, 45 AD2d 749, 750 [1974]).

The defendant's contention that the County Court improperly failed to dismiss a juror pursuant to CPL 270.35 is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, "[a]lthough the trial court is given latitude in determining whether a sworn juror is grossly unqualified, the court may not speculate as to possible partiality based on equivocal responses but must be convinced that it is 'obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict' " (*People v Whyte*, 282 AD2d 629, 630 [2001], quoting *People v Buford*, 69 NY2d 290, 298-299 [1987]). In the instant case, the juror in question stated unequivocally that she could render an impartial verdict.

Contrary to the defendant's contention, he was not denied the effective assistance of counsel. Viewing the record as a whole, we conclude that the defendant received meaningful representation (*see People v Taylor*, 1 NY3d 174, 176 [2003]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant was not denied his right to a fair trial by the prosecutor's comments during summation. Although the prosecutor improperly shifted the burden of proof to the defendant by drawing attention to the defendant's failure to call a witness his attorney had mentioned in his opening statement (*see People v Walters*, 251 AD2d 433, 434 [1998]), and also improperly denigrated defense counsel (*see People v Torres*, 223 AD2d 741, 742 [1996]), any prejudice that may have resulted from these remarks was alleviated when the trial court sustained the defendant's objections and provided curative instructions to the jury (*see People v Williams*, 14 AD3d 519 [2005]).

The defendant's contentions regarding the legal sufficiency of the evidence are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80, 85 [1982]).

In light of our determination with respect to the defendant's

convictions after trial, there is no basis to vacate the defendant's plea of guilty to the charge of attempted promoting prison contraband in the first degree. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.