THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL DAVIS, Appellant. [835 NYS2d 311]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered October 28, 2003, convicting him of manslaughter in the first degree, gang assault in the first degree, assault in the first degree, and assault in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Corso, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The County Court properly denied suppression of testimony regarding showup identifications that occurred shortly after the defendant's apprehension. The showups took place in close geographical and temporal proximity to the commission of the crime (*see People v Duuvon,* 77 NY2d 541, 543 [1991]), and were not unduly suggestive (*see People v Gilyard,* 32 AD3d 1046 [2006]; *People v Loo,* 14 AD3d 716 [2005]). Further, the facts adduced at the suppression hearing indicate that "exigent circumstances" existed to justify the second showup identification (*People v Slade,* 174 AD2d 639, 639 [1991]; *cf. People v Johnson,* 169 AD2d 779 [1991]).

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress his statements to law enforcement officials as the statements were made after the intelligent, knowing, and voluntary waiver of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) and were not the product of police coercion (*see People v Bebeck,* 258 AD2d 660 [1999]).

The defendant's contentions regarding the legal sufficiency of the evidence are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant was not denied his right to a fair trial by a plea agreement between the prosecution and a codefendant in which the codefendant agreed not to testify on behalf of the defendant. The codefendant's allocution demonstrated that his testimony would not have exculpated the defendant (*see People v Scanlon,* 231 AD2d 852, 853 [1996]; *cf. People v Turner,* 45 AD2d 749, 750 [1974]).

The defendant failed to preserve for appellate review his claims regarding the prosecutor's summation remarks (*see* CPL 470.05 [2]; *People v Malave,* 7 AD3d 542 [2004]). In any event, while portions of the prosecutor's summation improperly denigrated defense counsel, in light of the nature and quality of the evidence, coupled with the court's instructions to the jury, reversal is not warranted (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Lee,* 34 AD3d 696 [2006], *lv denied* 8 NY3d 882 [2007]; *People v Turner,* 34 AD3d 705 [2006]; *People v Dardain,* 226 AD2d 551 [1996]; *People v Roccaforte,* 141 AD2d 775, 776 [1988]).

The defendant's claim that the jury verdict was inconsistent is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Graham,* 307 AD2d 935 [2003]). In any event, the verdict was not repugnant or inconsistent (*see People v Trappier,* 87 NY2d 55 [1995]; *People v Baliukonis,* 35 AD3d 626 [2006]; *cf. People v Gallagher,* 69 NY2d 525 [1987]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85 [1982]). Miller, J.P., Santucci, Florio and Lifson, JJ., concur.