■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVAN FLUDD, Appellant. [843 NYS2d 249]—

Judgment, Supreme Court, New York County (Arlene Goldberg, J.), rendered January 20, 2006, convicting defendant, after a jury trial, of three counts of offering a false instrument for filing in the first degree, three counts of falsifying business records in the first degree and one count of obstructing governmental administration in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 6 to 12 years, unanimously affirmed.

Defendant was not denied his right to be present at a material stage of the trial when, upon defendant's refusal to appear in court without the jury present, the court went on with a hearing to determine the scope of the testimony of several of the prosecution's witnesses. "Defendant was not entitled to set conditions under which he would agree to come out of the holding cell . . . ." (*People v Romance*, 35 AD3d 201, 202 [2006], *lv denied* 8 NY3d 926 [2007].) By voluntarily refusing to be produced in court, at a time when the trial had already begun, defendant forfeited any right to be present (*see People v Sanchez*, 65 NY2d 436 [1985]; *compare People v Brooks*, 75 NY2d 898 [1990]). In any event, this hearing did not involve factual matters of which defendant had peculiar knowledge that would be useful in advancing the defendant's or countering the People's position (*see People v Fabricio*, 3 NY3d 402, 406 [2004]; *People v Rodriguez*, 85 NY2d 586, 591 [1995]).

Defendant received effective assistance of counsel. Counsel's failure to make a motion to dismiss for lack of geographical jurisdiction in New York County may well have been a strategic decision to avoid reindictment in a county that, from counsel's point of view, might be less favorable. Accordingly, this aspect of defendant's claim is unreviewable on direct appeal and would require a CPL 440.10 motion to permit counsel an opportunity to explain his reasoning (*see People v Rivera*, 71 NY2d 705, 709 [1988]). In any event, New York County had jurisdiction, as the actions by defendant forming the basis of the charges against him sought to interfere with that county's courts and administration of justice, even though defendant performed these actions while incarcerated elsewhere (CPL 20.10 [4]; 20.40 [2] [c]; *Matter of Taub v Altman*, 3 NY3d 30, 36 [2004]). Nor was counsel deficient in failing to raise a mistake of law defense, choosing instead to argue that defendant lacked the necessary criminal intent. Defendant cites no "official statement of the law," as defined in Penal Law § 15.20 (2), upon which he relied when filing his false instruments or falsifying business records. Absent such reliance, "[a] person is not relieved of criminal liability for conduct because he engages in such conduct under a mistaken belief that it does not, as a matter of law, constitute an offense . . . ." (*Id.*; *see also People v Fraser*, 96 NY2d 318, 326 [2001].) Defendant's remaining ineffective assistance arguments are without merit.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Friedman, Williams, Buckley and Sweeny, JJ.