■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN M. SHARPE, Appellant. [896 NYS2d 189]—

Rose, J. Appeals (1) from a judgment of the County Court of Broome County (Pelella, J.), rendered September 19, 2007, upon a verdict convicting defendant of the crime of assault in the first degree, and (2) by permission, from two orders of said court, entered September 26, 2007 and February 2, 2009, which denied defendant's motions pursuant to CPL 440.10 to, among other things, vacate the judgment of conviction, without a hearing.

Defendant, his brother and their two companions were in a bar fight with the victim and another patron of the bar. As a result, defendant and his brother were charged with assault in the first degree for having acted in concert by beating the victim with barstools. At their joint trial, one of the companions testified for the defense. Despite conflicting accounts of who struck whom during the fight, the jury rejected defendant's claims that he had not struck the victim with a barstool and that he had acted in self-defense, and convicted him and his brother as charged. Shortly after sentencing in 2007, and again a year later in 2008, defendant moved unsuccessfully to vacate his judgment of conviction pursuant CPL 440.10 (1) on the ground that the prosecutor improperly prevented the other companion, Michael Rossi, from presenting exculpatory evidence on defendant's behalf by informing Rossi's counsel that a favorable plea offer that had been made to Rossi would be withdrawn if he

testified for defendant and his brother. Defendant now appeals from the judgment of conviction and, by permission, from the orders denying his posttrial motions.

Defendant initially argues that the evidence was legally insufficient because he was not unequivocally identified as one of the persons who had struck and injured the victim with a barstool. We cannot agree. Although the eyewitness accounts of who had struck the victim were not consistent and, in court, the bartender identified the brothers, but mixed up their names, "the jury verdict constrains us to presume that it resolved these conflicts in the People's favor" (*People v Dragoon*, 256 AD2d 653, 653 [1998], *lv denied* 92 NY2d 1048 [1999]). The bartender testified that, before the day of the fight, she had known defendant, she knew where he lived and he had introduced his brother to her by name. She then described how she had seen defendant throw the first punch and that, during the resulting melee, she had watched as both defendant and his brother beat the victim with barstools. Portions of this account were confirmed by the victim and the other patron who was also assaulted. Given the bartender's testimony, it was not unreasonable for the jury to find that defendant, either directly or as his brother's accomplice, caused the victim's injuries (*see People v Vargas*, 60 AD3d 1236, 1237-1238 [2009], *lv denied* 13 NY3d 750 [2009]; *People v Kearney*, 39 AD3d 964, 966 [2007], *lv denied* 9 NY3d 846 [2007]; *People v Stanley*, 23 AD3d 683, 685 [2005], *lv denied* 6 NY3d 818 [2006]).

Nor is the verdict contrary to the weight of the credible evidence. While a different verdict would not have been unreasonable, the contradictions and inconsistencies in the testimony of the bartender, the victim and the other patron, which were fully explored by the parties and highlighted to the jury, neither render their testimony unworthy of belief nor establish a basis to disturb the jury's assessment of witness credibility (*see People v Romero*, 7 NY3d 633, 642-643 [2006]; *People v Casey*, 61 AD3d 1011, 1013 [2009], *lv denied* 12 NY3d 913 [2009]).

We are also unpersuaded that defendant's motions for relief under CPL 440.10 (1) should have been granted. In support of his first motion, defendant presented an affidavit dated shortly after the trial in which Rossi stated that he would have testified on defendant's behalf if the prosecutor had not threatened to withdraw his plea offer. Rossi also briefly set forth what his description of the bar fight would have been if he had testified. Notably, however, he did not state that defendant had not or could not have struck the victim with a barstool. County Court denied the motion without a hearing on the ground that Rossi's

testimony would have been cumulative and not exculpatory. In his second motion, defendant offered as newly discovered and allegedly exculpatory evidence a 2008 affidavit in which Rossi stated for the first time that he, himself, had struck the victim in the head with a barstool. County Court found that the new affidavit was contradicted by Rossi's sworn plea allocution and his 2007 affidavit, as well as the trial testimony of the bartender and of the companion who was called as a defense witness. Citing those inconsistencies, the court denied defendant's second motion because the new evidence would merely impeach or contradict the testimony at trial.

While we recognize that due process may be violated when the prosecution's conduct deprives a defendant of exculpatory testimony (*see United States v Henricksen*, 564 F2d 197, 198 [5th Cir 1977]; *People v Shapiro*, 50 NY2d 747, 760 [1980]; *People v Turner*, 45 AD2d 749, 750 [1974]), we agree with County Court's reasoning that such conduct is not a deprivation of a defendant's right to call witnesses where the proposed evidence is not shown to be exculpatory (*see People v Davis*, 39 AD3d 873, 874 [2007], *lv denied* 9 NY3d 842 [2007]; *People v Warren*, 27 AD3d 496, 497-498 [2006], *lv denied* 7 NY3d 796 [2006]; *People v Scanlon*, 231 AD2d 852, 853 [1996]). Here, Rossi's 2007 account of the bar fight includes nothing that would exculpate defendant. Although Rossi's third account of the bar fight is arguably exculpatory, it still would have been insufficient to vacate defendant's conviction because it could have been discovered before trial by the exercise of due diligence and merely impeached or contradicted the evidence at trial (*see People v Tucker*, 40 AD3d 1213, 1214 [2007], *lv denied* 9 NY3d 882 [2007]; *People v Venkatesan*, 295 AD2d 635, 638 [2002], *lv denied* 99 NY2d 565 [2002], *cert denied* 549 US 854 [2006]). Accordingly, we find no basis to disturb County Court's denial of defendant's CPL 440.10 motions.

Defendant's remaining contention that his right to remain silent was infringed when the People introduced evidence that he had avoided being questioned by police is unpreserved (*see People v Goss*, 229 AD2d 791, 792 [1996]) and, in any event, without merit.

Cardona, P.J., Peters, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment and orders are affirmed.