■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE DIXON, Appellant. [939 NYS2d 199]—

McCarthy, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered February 23, 2010, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

An identified individual and three masked men committed a home invasion, binding several adults with duct tape, taking items from the house, hitting the victim with a gun and dragging him outside. The situation ended when police arrived and the assailants fled. Defendant was charged in a 26-count indictment for being a participant in this incident. He entered a plea of guilty to one count of burglary in the first degree in satisfaction of all charges. The plea agreement required him to admit his status as a second felony offender, waive his right to appeal and agree not to testify at the trials of any of his codefendants, in exchange for the People recommending a sentence of $8\frac{1}{2}$ years in prison and five years of postrelease supervision. His three codefendants pleaded guilty under the same terms. County Court denied defendant's motion to withdraw his plea and sentenced him in accordance with the plea agreement. Defendant appeals.

The People and County Court did not deprive defendant of his right to a fair trial by entering into and approving of plea agreements with the codefendants. "[D]ue process may be violated when the prosecution's conduct deprives a defendant of exculpatory testimony . . . [, but] such conduct is not a deprivation of a defendant's right to call witnesses where the proposed evidence is not shown to be exculpatory" (*People v Sharpe*, 70 AD3d 1184, 1186 [2010], *lv denied* 14 NY3d 892 [2010]; *see People v Davis*, 39 AD3d 873, 874 [2007], *lv denied* 9 NY3d 842 [2007]; *People v Warren*, 27 AD3d 496, 497-498 [2006], *lv denied* 7 NY3d 796 [2006]). Defendant now complains of the People's conduct in conditioning each of his three codefendants' pleas on their refraining from testifying at trial for any of the codefendants. Defendant did not, however, raise this complaint prior to entering his plea. At the plea proceedings, defendant admitted his guilt and made no statements asserting his innocence (*compare People v Shapiro*, 50 NY2d 747, 757-758 [1980]). He raised this argument for the first time just prior to sentencing, at which time he stated that none of the witnesses had identified him and that he pleaded guilty because the court told one of his codefendants that he could not testify at defendant's trial. While the implication was that the codefendant would testify in defendant's favor and say that defendant was not one of the masked intruders, defendant did not explicitly state what the

codefendant's testimony would be or even identify which codefendant he was referring to. Nothing in the record indicates that any of the codefendants would offer testimony that would exculpate defendant, and even now defendant can only speculate as to what any codefendant's possible testimony might be (*compare People v Davis*, 39 AD3d at 874, *with People v Turner*, 45 AD2d 749, 749-750 [1974]).[1] Defendant knowingly and intelligently pleaded guilty and admitted his participation in the burglary, and he failed to show that any codefendant would offer exculpatory testimony.[2] Therefore, while we do not encourage the type of plea agreements fashioned by the People here, defendant's due process rights were not violated, and County Court did not err in denying his motion to withdraw his plea (*see People v Phillips*, 71 AD3d 1181, 1183 [2010], *lvs denied* 15 NY3d 755 [2010]; *People v Sharpe*, 70 AD3d at 1186).

Defendant's valid waiver of appeal precludes any challenge to his sentence as harsh or excessive (*see People v Thomas*, 71 AD3d 1231, 1233 [2010], *lv denied* 14 NY3d 893 [2010]).

Rose, J.P., Malone Jr. and Stein, JJ., concur.

Egan Jr., J. (dissenting). Because I have serious reservations about a plea agreement that prohibits one codefendant from giving testimony on behalf of another codefendant at trial, I respectfully dissent.

"The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he [or she] has the right to present his [or her] own witnesses to establish a defense. This right is a fundamental element of due process of law" (*Washington v Texas*, 388 US 14, 19 [1967]).

That said, "[t]he right to present a defense, and its concomitant right to compulsory process, [admittedly] are not unqualified" (*Buie v Sullivan*, 923 F2d 10, 11 [2d Cir 1990]), and I acknowledge that where, as here, a criminal defendant contends

---

**1.** While the dissent notes that such exculpatory information would not normally be revealed at plea proceedings, defendant could have mentioned specific information at the sentencing proceeding when he raised this issue.

**2.** If defendant can now obtain exculpatory statements from one or more codefendants—or be rebuffed in an attempt to obtain such statements—he could possibly demonstrate that the People's plea agreements with his codefendants operated to deprive him of his right to a fair trial. Based upon such information, he could then seek relief pursuant to CPL article 440.

that the prosecution has engaged in conduct that deprives him or her of the ability to call a particular witness to testify, the courts of this state consistently have required the defendant to demonstrate that the sought-after testimony would have been exculpatory (*see People v Sharpe*, 70 AD3d 1184, 1186 [2010], *lv denied* 14 NY3d 892 [2010]; *People v Davis*, 39 AD3d 873, 874 [2007], *lv denied* 9 NY3d 842 [2007]; *People v Warren*, 27 AD3d 496, 497-498 [2006], *lv denied* 7 NY3d 796 [2006]; *but see People v Turner*, 45 AD2d 749, 749-750 [1974]; *see also United States v Valenzuela-Bernal*, 458 US 858, 867 [1982] [requiring the defendant to make some plausible showing that the requested testimony would have been "material and favorable to his defense"]; *Washington v Texas*, 388 US at 23; *Davis v Marshall*, 2008 WL 5100302, \*16, 2008 US Dist LEXIS 98320, \*47-48 [ED NY 2008]). On this point, the majority has concluded that "[n]othing in the record indicates that any of the codefendants would offer testimony that would exculpate defendant." As this statement is technically correct, I reluctantly agree that the challenged plea condition does not violate defendant's Sixth Amendment rights.[1]

Nonetheless, I have serious misgivings about the propriety of the plea agreements fashioned by the People here, which required defendant and his codefendants to, among other things, "agree[ ] not to provide any testimony on behalf of any co-defendants who may proceed to trial."[2] To be sure, "[p]lea bargaining is . . . a vital part of our criminal justice system" (*People v Seaberg*, 74 NY2d 1, 7 [1989]) and, for that reason, a court will permit a defendant to forfeit otherwise guaranteed rights and allow the People to impose and enforce certain conditions upon the underlying plea—provided those conditions do not violate a constitutional or statutory right or otherwise offend public policy (*see id.*; *People v Terrell*, 41 AD3d 1044, 1045 [2007]).

---

1. I say "technically correct" because the record as a whole and—more to the point—the underlying plea allocutions are silent on this issue, i.e., nowhere is there any discussion of the various codefendants' identities or involvement in the subject crime. The fact that no exculpatory evidence was disclosed during the course of the plea proceedings does not strike me as particularly unusual, however, as one hardly would have expected County Court to ask defendant and his codefendants—during the course of those proceedings—whether one of them might happen to be in possession of information that potentially could be helpful to the others.

2. In exchange, defendant and his codefendants would be permitted to plead guilty to one count of burglary in the first degree and, if all four codefendants agreed to the plea terms, the recommended term of imprisonment would be 8½ years. If, however, any one of the codefendants did not agree to the terms of the plea, the recommended term of imprisonment would be 10 years.

Indeed, it is not uncommon for a plea agreement to contain a provision requiring a defendant to cooperate with the People and provide testimony at a future proceeding involving a codefendant. I discern no infirmity in such a condition because the resulting testimony (1) is subject to both a probing inquiry by the People and defense counsel and a credibility determination by the jury or trial judge and (2) bespeaks the truth. A court should not, however, permit the People to secure a witness's silence in exchange for a favorable plea bargain,[3] nor should it condone a practice that effectively permits the plea process to "devolve into a game to be won or lost whatever the means" (*People v Shapiro*, 50 NY2d 747, 762 [1980]). As the practice employed by the People here is—to my analysis—ripe for abuse, contrary to the notion of a voluntary plea agreement and, ultimately, violative of defendant's due process rights, I would reverse and grant defendant's motion to withdraw his plea.[4]

Ordered that the judgment is affirmed.

---

**3.** While that may not have been what the People intended to accomplish, it nonetheless is the net result.

**4.** As a final matter, although admittedly not dispositive of the issues now before us, I question whether the plea agreements crafted here are even enforceable. Should defendant have elected to proceed to trial, he absolutely could have issued subpoenas to compel the appearance of his codefendants, and I do not believe that the People can—by inserting into a plea agreement a prohibition against testifying—insulate a witness from compliance with a judicial subpoena.