# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

99

KA 11-00098

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                V                        MEMORANDUM AND ORDER

RHASHAY R. WHITFIELD, DEFENDANT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered December 20, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, conspiracy in the fourth degree and criminal impersonation in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in allowing him to proceed pro se. We reject that contention. "Implicit in the exercise of [the constitutional right to counsel] is the concomitant right to forego the advantages of counsel and represent oneself" (*People v Arroyo*, 98 NY2d 101, 103; *see People v Henriquez*, 3 NY3d 210, 215). Here, we conclude that the court conducted the requisite " 'searching inquiry' to insure that defendant's request to proceed pro se was accompanied by a 'knowing, voluntary and intelligent waiver of the right to counsel' " (*People v Providence*, 2 NY3d 579, 580, quoting *Arroyo*, 98 NY2d at 103; *see People v Deponceau*, 96 AD3d 1345, 1347, *lv denied* 19 NY3d 1025; *People v Herman*, 78 AD3d 1686, 1686-1687, *lv denied* 16 NY3d 831) and, contrary to the contention of defendant, the court repeatedly warned him of the risks associated with proceeding pro se (*see People v Chandler*, 109 AD3d 1202, 1203; *People v Clark*, 42 AD3d 957, 958, *lv denied* 9 NY3d 960).

Although defendant contends that his responses during the inquiry and his subsequent conduct and statements revealed his lack of knowledge of the law and criminal procedure, it is well established that, " '[r]egardless of his lack of expertise and the rashness of his choice,' . . . defendant may 'choose to waive counsel if he [does] so

knowingly and voluntarily' " (*People v Gillian*, 8 NY3d 85, 88, quoting *People v Vivenzio*, 62 NY2d 775, 776). We conclude that defendant made a knowing and voluntary choice in this case. We reject defendant's further contention that the court had a continuing obligation to ask defendant, at various points during the proceedings, whether he wished to continue to represent himself, particularly where, as here, defendant gave no indication to the contrary (*see generally Vivenzio*, 62 NY2d at 776).

Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct. Defendant's contention with respect to most of the instances of alleged prosecutorial misconduct have not been preserved for our review (*see People v Mull*, 89 AD3d 1445, 1446, *lv denied* 19 NY3d 965), and we decline to exercise our power to review his contention with respect to those instances of alleged misconduct as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We conclude that the remaining instances of misconduct were "not so egregious as to deprive defendant of a fair trial" (*People v Wittman*, 103 AD3d 1206, 1207, *lv denied* 21 NY3d 915; *see People v Eldridge*, 288 AD2d 845, 845-846, *lv denied* 97 NY2d 681). We reject defendant's further contention that the court erred in its *Molineux* ruling. Testimony concerning defendant's prior drug sales was admissible with respect to the issue of defendant's intent to sell drugs (*see People v Ray*, 63 AD3d 1705, 1706, *lv denied* 13 NY3d 838; *People v Lowman*, 49 AD3d 1262, 1263, *lv denied* 10 NY3d 936; *People v Williams*, 21 AD3d 1401, 1402-1403, *lv denied* 5 NY3d 885), as well as " 'to complete the narrative of events leading up to the crime for which defendant [was] on trial' " (*Ray*, 63 AD3d at 1706). Further, we conclude that the probative value of such evidence outweighed its prejudicial impact (*see People v Alvino*, 71 NY2d 233, 242).

We agree with defendant that it was improper for the People to condition the plea of a codefendant upon his promise not to testify at defendant's trial and to threaten to increase the codefendant's sentence should he violate that condition (*see e.g. People v Turner*, 45 AD2d 749, 749-750; *Maples v Stegall*, 427 F3d 1020, 1033-1034; *United States v Henricksen*, 564 F2d 197, 198; *cf. People v Dixon*, 93 AD3d 894, 895-896). As the United States Supreme Court wrote in *Washington v Texas* (388 US 14, 19), "[t]he right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he [or she] has the right to present his [or her] own witnesses to establish a defense. This right is a fundamental element of due process of law." Thus, "substantial interference by the State with a defense witness' free and unhampered choice to testify violates due process as surely as does a willful withholding of evidence" (*People v Shapiro*, 50 NY2d 747, 761; *see People v Sharpe*, 70 AD3d 1184, 1186, *lv denied* 14 NY3d 892). Here, however, defendant was not prejudiced by the improper plea condition inasmuch as the court granted his motion to permit the codefendant to

testify on defendant's behalf without exposure to a more severe sentence, and the court advised the codefendant of its ruling (*see United States v Foster*, 128 F3d 949, 953).

Contrary to the further contention of defendant, he was not denied a fair trial by the prosecutor's refusal to grant immunity to the codefendant. This is not a case in which "witnesses favorable to the prosecution are accorded immunity while those whose testimony would be exculpatory of the defendant are not, or . . . where the failure to grant immunity deprives the defendant of vital exculpatory testimony" (*Shapiro*, 50 NY2d at 760; *see People v Owens*, 63 NY2d 824, 825-826). In any event, the codefendant did testify at trial and he provided exculpatory testimony to the effect that he alone possessed the drugs at issue without defendant's knowledge or participation and that defendant did not help him purchase those drugs.

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "Although a different result would not have been unreasonable, the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Orta*, 12 AD3d 1147, 1147, *lv denied* 4 NY3d 801).

Defendant failed to preserve for our review his contention that, in sentencing him, the court penalized him for exercising the right to a jury trial (*see People v Trinidad*, 107 AD3d 1432, 1432, *lv denied* 21 NY3d 1046; *People v Irrizarry*, 37 AD3d 1082, 1083, *lv denied* 8 NY3d 946). In any event, it is well settled that " '[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting [his] right to trial' " (*People v Galens*, 111 AD3d 1322, 1323), and "[a] review of the record reveals no evidence of retaliation or vindictiveness on the part of County Court" (*Irrizarry*, 37 AD3d at 1083; *see Trinidad*, 107 AD3d at 1432-1433).

Finally, the sentence is not unduly harsh or severe.

Entered: March 21, 2014          Frances E. Cafarell
Clerk of the Court