Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  February 19, 2015          103254
                                                  105943
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

TYQUAN HALL,
                        Appellant.
_____

Calendar Date:   January 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

                        _____


        Alexander W. Bloomstein, Hillsdale, for appellant.

        Joseph Stanzione, District Attorney, Catskill (Danielle D.
McIntosh of counsel), for respondent.

                        _____


Lahtinen, J.P.

        Appeals (1) from a judgment of the County Court of Greene
County (Lalor, J.), rendered February 23, 2010, convicting
defendant upon his plea of guilty of the crime of burglary in the
first degree, and (2) by permission, from an order of said court
(Pulver Jr., J.), entered June 28, 2013, which denied defendant's
motion pursuant to CPL 440.10 to vacate the judgment of
conviction, without a hearing.

        The underlying facts are set forth in our decision in an
earlier appeal by one of the several individuals who allegedly
acted together with defendant in committing various crimes during
the course of entering a home in the Town of Catskill, Greene
County (People v Dixon, 93 AD3d 894 [2012]).  Defendant and

codefendant Melvin Lett Jr. — who was the only one of the four not wearing a mask — were charged together in a 26-count indictment, and two other individuals — Duane Dixon and Timothy Hall Jr. — were also indicted for the same crimes.  Lett pleaded guilty to burglary in the first degree (count one of the indictment) as part of a plea deal in which he, among other things, agreed not to testify on behalf of a codefendant should any of the other three go to trial.  Shortly thereafter, Dixon, Timothy Hall and then defendant accepted similar plea bargains, with each pleading guilty to one count of burglary in the first degree and agreeing not to testify on behalf of any codefendant.  Defendant's motion to withdraw his plea was denied, and County Court (Lalor, J.) sentenced him in accordance with the plea agreement to 8½ years in prison together with five years of postrelease supervision.[1]  His CPL 440.10 motion to vacate his judgment of conviction was denied without a hearing by County Court (Pulver Jr., J.).  Defendant appeals from both his judgment of conviction and, by permission, the order denying his CPL article 440 motion.

Defendant argues that the first four counts of the indictment — charging burglary in the first degree and three counts of robbery in the first degree — were jurisdictionally defective, and that County Court (Lalor, J.) erred in denying his motion to dismiss those counts and in granting the People's motion to amend.  We are unpersuaded.  "While a defendant's guilty plea does not waive jurisdictional defects in an indictment, an indictment is jurisdictionally defective only if the acts alleged to have been performed by the defendant do not constitute an actual crime" (People v Brown, 75 AD3d 655, 656 [2010] [citations omitted]).  The first four counts incorporated by reference the applicable specific statutory provisions, which generally is "'sufficient to apprise . . . defendant of the charge[s] and, therefore, render[] the count[s] jurisdictionally

---

[1]  Under the terms of the plea deals, the recommended prison term for each was 10 years unless all four agreed to plead guilty, in which event the recommended sentence would be 8½ years.  Defendant was the last to accept the plea arrangement.

valid'" (<u>People v Cane</u>, 123 AD3d 1301, 1302 [2014], quoting
<u>People v Moon</u>, 119 AD3d 1293, 1294 [2014], <u>lv denied</u> 24 NY3d 1004
[2014]; <u>cf.</u> <u>People v Boula</u>, 106 AD3d 1371, 1372 [2013], <u>lv denied</u>
21 NY3d 1040 [2013] [holding that such specific statutory
reference "may be negated . . . by the inclusion of conduct that
does not constitute the crime charged"]).  In addition, the
People promptly moved to amend the indictment to add the specific
weapons used to the originally recited list of firearms from the
statute (<u>see</u> Penal Law §§ 140.30 [4]; 160.15 [4]) and to also add
that each of the first four counts was an armed felony offense
(<u>see</u> CPL 200.50 [7] [b]; <u>see also</u> <u>People v Giordano</u>, 274 AD2d
748, 749 [2000]; <u>People v Coleman</u>, 235 AD2d 928, 929 [1997], <u>lv
denied</u> 89 NY2d 1033 [1997]).  This amendment to the indictment
did not change the theory of the case or prejudice defendant and,
accordingly, it was not error to allow the amendment (<u>see</u> <u>People
v Giordano</u>, 274 AD2d at 749; <u>see also</u> CPL 200.70 [1]; <u>People v
Cruz</u>, 61 AD3d 1111, 1112 [2009]; <u>People v Latour</u>, 11 AD3d 819,
820 [2004], <u>lv denied</u> 4 NY3d 800 [2005]).

Next, defendant contends that his plea was not voluntarily
made and that it was error to deny his motion to withdraw his
plea.  These contentions rest upon the same provision of the plea
bargain as was unsuccessfully challenged by his codefendant in
<u>People v Dixon</u> (93 AD3d at 895-896).  Defendant pleaded guilty at
the same time and under the same conditions as Dixon.  He has not
pointed to any facts in the record up to the time that he
accepted the plea that would distinguish his case and require a
different result as to these issues than the one reached in
<u>People v Dixon</u> (<u>supra</u>).  His further argument that his sentence
was harsh and excessive is precluded by his valid waiver of
appeal (<u>see</u> <u>id.</u> at 896; <u>People v Richardson</u>, 83 AD3d 1290, 1292
[2011], <u>lv denied</u> 17 NY3d 821 [2011]).  The judgment of
conviction must thus be affirmed.

Finally, we turn to defendant's assertion that his CPL
article 440 motion should not have been denied without a hearing.
In his motion, defendant urged that the provision of the plea
agreement precluding a codefendant from testifying — primarily as
pertained to Lett testifying on behalf of defendant — violated
his rights to due process and a fair trial.  Initially, we

reiterate that "we do not encourage the type of plea agreements fashioned by the People here" (People v Dixon, 93 AD3d at 896). "[D]ue process may be violated when the prosecution's conduct deprives a defendant of exculpatory testimony" (People v Sharpe, 70 AD3d 1184, 1186 [2010], lv denied 14 NY3d 892 [2010]), and such conduct could, depending on the circumstances, include conditioning "the plea of a codefendant upon his [or her] promise to not to testify at [the] defendant's trial and to threaten to increase the codefendant's sentence should he [or she] violate that condition" (People v Whitfield, 115 AD3d 1181, 1182 [2014], lv denied 23 NY3d 1044 [2014]; see People v Turner, 45 AD2d 749, 749-750 [1974]).  Nonetheless, reversal is not required when "the proposed [excluded] evidence is not shown to be exculpatory" (People v Sharpe, 70 AD3d at 1186), such as when the codefendant's allocution acknowledged the veracity of a prior statement implicating the defendant (see People v Scanlon, 231 AD2d 852, 853 [1996]), the codefendant has given materially contradictory or inconsistent statements regarding the defendant's actions (see People v Sharpe, 70 AD3d at 1186) or it is otherwise established that the codefendant's testimony would not be exculpatory (see People v Davis, 39 AD3d 873, 874 [2007], lv denied 9 NY3d 842 [2007]; People v Warren, 27 AD3d 496, 497-498 [2006], lv denied 7 NY3d 796 [2006]).  In the context of challenging such a plea in a CPL article 440 motion where a codefendant has not already made statements indicating the defendant's involvement, we have noted that obtaining an exculpatory statement from the codefendant or being rebuffed in an attempt to do so because of the terms of the plea might give rise to an issue as to whether the terms of the plea deprived the defendant of due process or a fair trial (see People v Dixon, 93 AD3d at 896 n 2).

Here, neither Lett's allocution nor any statement attributed to him (or the other codefendants) implicated defendant in the crimes and, in fact, at sentencing Lett made a rather ambiguous statement regarding the other participants: "I pled guilty, all right, but that don't mean lock up everybody you think is guilty.  I pled guilty because I'm guilty, but I know who was with me that night, you understand, and I will save that for the future."  This statement, which was cryptic and could

have been raised on direct appeal, was insufficient alone to support defendant's challenge to the plea agreement. However, in his CPL article 440 motion, defendant included two affidavits from Lett. In the first affidavit, Lett explained in some detail how defendant's cell phone (apparently a key piece of evidence) ended up at the crime scene in that they had been together earlier in the day and defendant accidentally left it in Lett's vehicle. Significantly, in the second affidavit, Lett stated that he would not provide further details because he believed that, under his plea agreement, his sentence of 8½ years could be revoked and replaced with a sentence of up to 25 years if he testified on behalf of defendant.[2] Under the narrow circumstances here, in which no codefendant implicated defendant, a codefendant purported to provide an innocent explanation for one piece of evidence implicating defendant, that same codefendant stated under oath that he believed he was constrained by his plea (and still under threat of a much longer prison sentence) from providing any further information, and that codefendant's subjective belief was not wholly unfounded in light of statements by County Court and the People at the time of his plea, we are persuaded that defendant should receive a hearing on his motion (see People v Dixon, 93 AD3d at 896 n 2). At the hearing, he will have "the burden of proving by a preponderance of the evidence every essential fact required to support his motion" (People v Lackey, 48 AD3d 982, 982-983 [2008], lv denied

_____

[2]  The People provide no authority for revoking a sentence that had been imposed years earlier and partially served, and replacing it with a longer one because a codefendant testifies on behalf of a defendant. In the typical conditional sentence situation, the terms or conditions must be satisfied during a time of adjournment before sentencing is pronounced (see People v Avery, 85 NY2d 503, 507 [1995] [examples of conditional sentences cited therein]). Once a sentence is imposed, it generally may not be changed (see CPL 430.10). Nonetheless, in light of the colloquy at the time of Lett's plea, we cannot say that his concern is totally unfounded, and he did not receive subsequent assurance that he is not now subject to a more severe sentence if he testifies (cf. People v Whitfield, 115 AD3d at 1183).

10 NY3d 936 [2008]).[3]

     Egan Jr., Lynch and Devine, JJ., concur.


     ORDERED that the judgment is affirmed.

     ORDERED that the order is reversed, on the law, and matter remitted to the County Court of Greene County for further proceedings not inconsistent with this Court's decision.



         ENTER:

*Robert D. Mayberger*

         Robert D. Mayberger
         Clerk of the Court

---

   [3] We note that defendant has served six years of his 8½-year prison sentence and, if successful in having his plea vacated, he risks potential exposure to a longer prison sentence if ultimately found guilty. If it has not already been done, such fact should be communicated to defendant by his counsel (see New York State Office of Indigent Legal Services Appellate Standards and Best Practices, at 8, https://www.ils.ny.gov/files/Appellate%20Standards%20Final%20010515.pdf [accessed January 24, 2015]).