The People of the State of New York, Appellant, 
against
Robert Brooks, Defendant-Respondent.



The People appeal from an order of the Criminal Court of the City of New York, New York County (Tamiko A. Amaker, J.), dated August 4, 2017, which granted defendant's motion to dismiss the accusatory instrument for lack of geographic jurisdiction.




Per Curiam.
Order (Tamiko A. Amaker, J.), dated August 4, 2017, reversed, on the law, the accusatory instrument reinstated, and the matter remanded to Criminal Court for further proceedings. 
On July 5, 2017, defendant sent a text message to his ex-girlfriend that read "I am going to hurt you, I want you to die, I have a mixture of bleach and hair dye that I am going to use on you." Later that day, after the victim saw defendant outside of a Manhattan subway station, defendant was arrested and police recovered from him a bottle containing bleach and water. At arraignment, Criminal Court, in New York County, issued a temporary order of protection directing, inter alia, that defendant "stay away" from the victim. Defendant signed the order of protection, which was personally served on him in court. 
Approximately one week later, on July 14, 2017, defendant approached and spoke to the victim inside a Kings County subway station, in violation of the order of protection. As a result, defendant was arrested in New York County and charged herein with second-degree criminal contempt. Defendant moved to dismiss the charge, claiming that the New York County Criminal Court lacked jurisdiction because the alleged criminal conduct occurred in Kings County. Criminal Court granted the motion and dismissed the accusatory instrument. The People appeal and we now reverse. 
CPL 20.40(2)(c) confers jurisdiction in a county where the offending conduct "had, or was likely to have, a particular effect upon such county." In this case, when defendant violated the order of protection in Kings County, his conduct had a "particular effect" on the New York County Court that issued the edict because Courts rely upon the full force and effect of their orders of protection to protect not only the named complainant but the well being of the community as a whole. Therefore, defendant's conduct in King's County had a "particular effect" in New York County by producing "a materially harmful impact upon the governmental processes or community welfare" (CPL 20.10[4]; see Matter of Taub v Altman, 3 NY3d 30, 36-3[*2]7 [2004]; People v Fludd, 44 AD3d 408, 409 [2007], lv denied 10 NY3d 765 [2008]; People v Latour, 11 AD3d 819 [2004], lv denied 4 NY3d 800 [2005]; People v Sandy, 236 AD2d 104, 114-115 [1997], lv denied 91 NY2d 977 [1998]; People v Ortega, 152 Misc 2d 84 [Crim Ct, NY County 1991]). Manifestly, "it would not be in keeping with the purpose of a temporary order of protection, to protect the victims of family offenses pending trial, if the court did not have jurisdiction over violations of the order of protection that allegedly occurred in other counties" (People v Nakouzi, 31 Misc 3d 1213[A], 2011 NY Slip Op 50665[U], *3, [Crim Ct, Kings County 2011]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 30, 2019